UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, Individually and On Behalf of All Others Similarly Situated ) ) ) Plaintiff, ) ) vs. ) ) ABERCROMBIE & FITCH COMPANY, et al., ) ) ) Defendants. ) ) ) ) | No. 2:05-cv-00819-EAS-TPK (**Consolidated**) CLASS ACTION JUDGE EDMUND SARGUS, JR. MAGISTRATE JUDGE TERENCE KEMP |

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL THE
SPECIAL LITIGATION REPORT AND RELATED DOCUMENTS

**I.       Introduction**

Abercrombie & Fitch Company's ("Abercrombie" or the "Company") opposition to plaintiff's motion to compel the Special Litigation Committee report ("SLC Report" or "Report") lacks merit for several reasons.  First, contrary to Abercrombie's arguments, the procedural posture of this case *has* changed since the filing of plaintiff's initial motion to compel the SLC Report. Abercrombie ignores that this Court ruled that once the derivative action was resolved, the issue of whether the SLC Report should be produced would be ripe for decision.  Second, although Abercrombie attempts to minimize the impact of the Derivative Order, it is undisputed that the order *does* disclose the contents of the SLC Report and the SLC's findings as to the derivative plaintiffs' claims, thereby waiving any privileges asserted by Abercrombie.  This Court relied extensively on the Report in resolving the SLC's motion to terminate the derivative action, made it part of the judicial record, and summarized the Report's contents in a published opinion.  Under these circumstances Abercrombie shareholders' and the public's right to access outweigh Abercrombie's interest in maintaining the confidentiality of the Report.  *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1314 (7th Cir. 1984) ("a special litigation committee reports used in the *adjudication stages* of derivative litigation should be available for public inspection unless exceptional circumstances require confidentiality.") (emphasis in original).

Other than the assertion of the attorney-client and work product privileges which have been waived, Abercrombie has failed to show any compelling reason to justify maintaining the SLC Report under seal.  On the other hand, as discussed below, public policy considerations such as promoting investor and public confidence in open markets and the integrity of the judicial system, weigh heavily in favor of disclosure at this juncture of the case.  *Id.* at 1308 ("The public's right of access to judicial records has been characterized as 'fundamental to a democratic state.'") (citation omitted).

## II. The Right to Access Judicial Records is Paramount to Any Relevant Privilege Under These Circumstance

Since motions to terminate derivative litigation suits are dispositive motions, any material submitted to the trial court in support of the motion to terminate is presumptively accessible. *Dreiling v. Jain*, 93 P.3d 861, 871 (Wash. 2004). When balancing the interests of the parties the "paramount right" of public access can only be outweighed by "'the most compelling reasons.'" *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410-11 (1st Cir. 1987) (citation omitted). Any doubts must be resolved in favor of disclosure. *Cont'l*, 732 F.2d at 1313. "[T]hose seeking to keep the datum hidden from view [] must carry the devoir of persuasion." *Standard*, 830 F.2d at 411.

Here, public policy weighs in favor of unsealing the SLC Report because Abercrombie shareholders and the public have the right to know why the Court found it reasonable for the SLC to determine there was no wrongdoing in the face of compelling insider trading allegations. Michael Jeffries, the CEO of a publicly-traded Company, dumped $127 million of his own Company stock between the beginning of June 2005 and the middle of July 2005, just one month before the Company released information that pummeled the stock price, taking it down 20% from when Jeffries began his selling. Had the public known this same information at the time that Jeffries sold his stock, Jeffries' profits would have been much less, assuming he would have elected to sell at all at the un-inflated prices. As noted in an article appearing in *The Wall Street Journal* following the end of the Class Period, "Jeffries avoided about $22 million" in losses by selling before the negative information was publicly disclosed on August 16, 2005.

To Abercrombie shareholders and the public at large, the fact that Jeffries and other insiders made astronomical profits so soon before defendants released the negative news about the Company's 2Q 2005 gross margins and earnings per share, brings into question the integrity of Abercrombie management and public markets generally. Since investor confidence is an essential component of the open market system, Abercrombie shareholders, as well as the general public, have

- 2 -

a right to know why the SLC determined there was no fraud and should be given an opportunity to evaluate the facts for themselves. *See Cont'l*, 732 F.2d at 1309 n.9 ("Investors depend on available information in making investment decisions; a more informed investment community presumably contributes to efficient functioning of the securities markets.")

Abercrombie's assertions that disclosure of the SLC Report would hinder meaningful investigations into corporate wrongdoing and impair the "salutary public purpose" of Special Litigation Committees formed under *Zapata Corp. v. Maldonado*, 430 A.2d 779 (Del. 1981), is short-sighted. Defendant Abercrombie & Fitch Company's Memorandum in Opposition to Plaintiff's Motion to Compel Special Litigation Committee Report and Related Documents ("Opp.") (Docket #342) at 8 and n.3. On the contrary, allowing access to a SLC's reports following the termination of a derivative action would likely encourage SLCs to be more thorough in their investigations because of the public scrutiny that would follow from disclosure. Indeed, public scrutiny serves as a foundation to the decisions supporting waiver and the public's right to access documents used in support of dispositive motions. *See Standard*, 830 F.2d at 410 ("Public access to judicial records and documents allows the citizenry to 'monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.'") (citation omitted).

### III. Abercrombie Waived the Attorney-Client Privilege and Attorney Work Product Protection When It Voluntarily Allowed the Contents of the SLC Report to be Disclosed

While the attorney-client and work product privilege may be a factor in determining whether disclosure should be made, such interest carries minimum weight where confidentiality has not been maintained. *Cont'l*, 732 F.2d at 1314-15. By allowing the contents of the Report to be discussed openly in a public filing, Abercrombie has failed to maintain "strict confidentiality" of the Report. *Id.* at 1314. Abercrombie's waiver is solidified by the repeated reference to the Report and its contents in the Derivative Order. Indeed, pages 15-18 of the Derivative Order are devoted to an

analysis of the contents of the SLC Report and the detailed findings of the SLC. The Derivative Order specifically refers to the SLC's specific factual finings based on its investigation and quotes from the SLC Report. *See, e.g.*, Derivative Order (Docket #311) at 16 ("The SLC found that Abercrombie publicly disclosed that its 'clearance' period for spring merchandise 'was planned early' and that the Company did not engage in promotional activities, in accordance with its public strategy. (Report at 20-21) (citations omitted.)"; *Id.* at 18 ("For example, the SLC found that Mr. Jeffries had been closed out of several previous trading windows, and traded in accordance with his established trading pattern and in keeping with his personal financial planning needs."). Contrary to Abercrombie's argument, the substance of what is contained in the Derivative Order is not the same information as Abercrombie publicly released. Opp. at 6-7 & Ex. A.

By voluntarily allowing the Derivative Order to be publicly filed, Abercrombie has failed to maintain the absolute confidentiality that is required to maintain the privileges asserted. *Cont'l*, 732 F.2d at 1314-15. Here, Abercrombie has asserted the attorney-client and work product privileges as to the ***entire*** SLC Report, thus any disclosure of its contents constitutes a waiver. In other words, Abercrombie's decision to allow the contents of the Report to be discussed in a publicly filed opinion waived the asserted privileges for all purposes. *Id.*; *see also In re Qwest Commc'ns Int'l, Inc. Sec. Litig*, No. 01-CV-01451-REB-CBS, slip op. at 11 (D. Colo. May 31, 2005) (court held that company waived any attorney-client or work product privilege as to an investigative memo when it produced to the plaintiffs a memorandum that contained a summary of the conclusions of the investigative memorandum) (attached hereto as Exhibit A). If the public's right to access takes a back seat to the attorney-client privileges under these circumstances, the right would be meaningless.

Furthermore, Abercrombie has taken action that is inconsistent with the assertion of both privileges. Despite the fact that the Board did not retain authority to review the Special Litigation Committee's investigations or conclusions, the SLC Report was shared with Abercrombie's Board of

- 4 -

Directors, which included Michael Jeffries, a defendant in both this action and the derivative case. *See*, *e.g*, Opp. at 3.  Courts have recognized that a SLC's presentation of its Report to a company's board of directors constitutes a waiver of privilege because the SLC is the client, not the board. *Ryan v. Gifford*, No. 2213-CC, 2007 Del. Ch LEXIS 168, at *13 (Del Ch. Nov. 30, 2007).

In sum, although public access is not absolute, it is presumptive.  *Dreiling v. Jain*, 93 P.3d 861, 867 (Wash. 2004).  Abercrombie cannot deny that the SLC Report was the basis for the Court's determination to terminate the derivative action.  Public access should only be limited in cases where a fundamental right would otherwise be infringed.  *Id*. at 866-67.  And the "burden of persuading the court that access must be restricted to prevent a threat to an important interest is generally on the proponent."  *Id*. at 867.  Since Abercrombie has failed to make any such showing, the Abercrombie stockholder plaintiffs in this securities class action case, as well as the public generally, should be allowed access to the SLC Report, which is part of the judicial record supporting the Court's decision to terminate the derivative case,  in order to "'enhance the basic fairness of the proceedings and to safeguard the integrity of the fact-finding process.'"  *Id.* at 909 (citation omitted).

## IV.  Conclusion

For all of the foregoing reasons, plaintiff respectfully requests that the Court order Abercrombie to produce the SLC Report and the related documents.

DATED:  September 21, 2009    Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
LAURA M. ANDRACCHIO
LAURIE L. LARGENT
MATTHEW I. ALPERT

s / LAURIE L. LARGENT
LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA 92101-4297
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MICHAEL F. GHOZLAND
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

MURRAY MURPHY MOUL + BASIL LLP
GEOFFREY J. MOUL (0070663)
BRIAN K. MURPHY (0070654)
1533 Lake Shore Drive
Columbus, OH 43204
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

Document1

CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 21, 2009.

        s/ LAURIE L. LARGENT
        LAURIE L. LARGENT

        COUGHLIN STOIA GELLER
           RUDMAN & ROBBINS LLP
        655 West Broadway, Suite 1900
        San Diego, CA  92101-3301
        Telephone:  619/231-1058
        619/231-7423 (fax)

        E-mail: llargent@csgrr.com

# Mailing Information for a Case 2:05-cv-00819-EAS-TPK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@csgrr.com

- **Laura M Andracchio**
  lauraa@csgrr.com

- **Philip Albert Brown**
  pabrown@vssp.com,kyates@vssp.com,csbrandt@vssp.com

- **Alycia N Broz**
  anbroz@vorys.com

- **Sara E Collier**
  sec@federmanlaw.com

- **David Stewart Cupps**
  dscupps@vssp.com

- **Dana E Deering**
  ddeering@pdfslaw.com,sscalf@pdfslaw.com

- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com

- **Matthew L Fornshell**
  mfornshell@szd.com

- **Sharon Garb**
  sgarb@skadden.com

- **Stuart Gerson**
  sgerson@ebglaw.com

- **Michael F Ghozland**
  mghozland@csgrr.com

- **Jay B Kasner**
  jkasner@skadden.com

- **Beth A Keller**
  bkeller@faruqilaw.com

- **Mark Mathew Kitrick**

mkitrick@kitricklaw.com,deanna@kitricklaw.com

- **John Joseph Kulewicz**
  jjkulewicz@vssp.com

- **Laurie Largent**
  llargent@csgrr.com

- **Arthur C Leahy**
  artl@csgrr.com

- **Albert Grant Lin**
  aglin@vssp.com

- **Katherine G Manghillis**
  kmanghillis@szd.com,prichardson@szd.com,bspencer@szd.com

- **Joseph Andrew Matteo**
  jmatteo@skadden.com

- **Michelle M McCarron**
  MMcCarron@csgrr.com

- **John Cooper McDonald**
  jmcdonald@szd.com,vseckel@szd.com,jdingess@szd.com

- **E Kelly Mihocik**
  kemihocik@vorys.com

- **Ted Minahan**
  tedm@lerachlaw.com

- **Jamie R. Mogil**
  jmogil@faruqilaw.com

- **Geoffrey J Moul**
  moul@mmmb.com,tiffany@mmmb.com,osborn@mmmb.com

- **Brian K Murphy**
  murphy@mmmb.com,tiffany@mmmb.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com

- **William J Pohlman**
  wjpohlman@vssp.com,kyconley@vorys.com,dmstash@vorys.com,csbrandt@vorys.com

- **Jennifer F Sherrill**
  jfs@federmanlaw.com

- **Steven E Skwara**
  sskwara@ebglaw.com

- **Roger Philip Sugarman**
  rsugarman@keglerbrown.com

- **Michael Roy Szolosi , Sr**
  mrs@mcnamaralaw.us

- **Robert Neal Webner**
  RNWebner@vssp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Gianetti Investor Group
,
```