UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ROSS, Individually and On Behalf of All Others Similarly Situated | ) ) ) | No. 2:05-cv-00819-EAS-TPK (**Consolidated**) |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | JUDGE EDMUND SARGUS, JR. MAGISTRATE JUDGE TERENCE KEMP |
| ABERCROMBIE & FITCH COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

LEAD PLAINTIFF CITY OF DEARBORN HEIGHTS ACT OF 345 POLICE AND FIRE
RETIREMENT SYSTEM'S SUR-REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO COMPEL THE SPECIAL LITIGATION COMMITTEE REPORT AND
RELATED DOCUMENTS

Lead Plaintiff City of Dearborn Heights Act of 345 Police and Fire Retirement System ("plaintiff") submits this sur-reply memorandum in further support of its Motion to Compel Defendant Abercrombie & Fitch Company's Special Litigation Committee Report and Related Documents ("Motion"). Docket #337.[1]

Abercrombie's attempt to single out publicly disclosed facts in the Derivative Order (Docket #311) in order to support its assertion that the attorney-client and work product privileges have not been waived is unavailing and ignores that the Derivative Order discloses the SLC's substantive analysis and legal conclusions as to the claims asserted in the Derivative Action. Neither the SLC's analysis of the facts nor legal conclusions were publicly disclosed matters prior to the filing of the Derivative Order.

The Derivative Order specifically discloses the SLC's analysis and conclusions about whether Abercrombie made misleading statements to investors and analysts during the second quarter of 2005. Derivative Order at 14-15. The Derivative Order reveals that the SLC analyzed Abercrombie's promotional activities, made the determination that there was a recognized distinction between promotional and clearance markdowns, found that Abercrombie publicly disclosed that its clearance for spring merchandise was planned earlier and that the Company did not engage in promotional activities, in accordance with its public strategy. Derivative Order at 16.

The Derivative Order also discloses the SLC's analysis concerning the denim inventory issues. Derivative Order at 16-17. Even though the SLC had testimony and evidence of Abercrombie's efforts to "unload" excess denim inventories, the SLC relied upon Abercrombie's record-high denim sales in the second quarter of 2005 to support its finding that denim sales were strong as reported and that the Company did not make misleading statements in connection with its

---

[1] On October 6, 2009 the Court granted plaintiff permission for leave to file a sur-reply in support of its Motion. Docket #347.

denim inventory. *Id.* Furthermore, contrary to Abercrombie's assertions in its sur-reply, the SLC's findings that defendant Jeffries had a credible explanation for his insider trading (*i.e.*, Jeffries had been closed out of several previous trading windows, Derivative Order at 18) was never publicly disclosed. *See* Sur-Reply Memorandum of Defendant Abercrombie & Fitch Co. in Opposition to Plaintiff's Motion to Compel Special Litigation Committee Report and Related Documents (Docket #348), Exhibit C. Lastly, the Derivative Order discloses the SLC's legal conclusions about Abercrombie's duty to correct analyst's forecasts with respect to projected earnings. Derivative Order at 17 ("Abercrombie had no duty to correct analyst forecasts with respect to projected earnings, or to provide its own estimates of Second Quarter results (Report at 110)").

In sum, given that the Derivative Order clearly discloses the SLC's factual analysis and its legal conclusions as to the claims asserted in the Derivative Action thereby revealing the substance of attorney-client advice and work product, any privileges asserted by Abercrombie have been waived. *In re OM Group Sec. Litig.*, 226 F.R.D. 579 (N.D. Ohio 2005) (voluntary disclosure of purported privileged material is inconsistent with an assertion of an attorney client privilege.)

Abercrombie's myopic approach ignores the public policy considerations behind the policy of public disclosure. *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("Public access to judicial records and documents allows the citizenry to 'monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.'") (citation omitted); *see also In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1309 n.9 (7th Cir. 1984) ("Investors depend on available information in making investment decisions; a more informed investment community presumably contributes to efficient functioning of the securities markets."). Here, it is undisputed that in deciding to terminate the Derivative Action the Court relied solely on the SLC Report to conclude that the SLC had a reasonable basis for its conclusions (Derivative Order at 16) and cited to the Report throughout the Derivative Order (Motion at 3 n.3). The attorney-client privilege is

narrowly construed and "applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice." *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986). In this case Abercrombie has failed to show any reason why the privilege should still apply given the disclosures in the Derivative Order and the strong public policy favoring public disclosure of documents relied upon in adjudicating a case.

Abercrombie cannot have it both ways, conceding on one hand that the Report contains non-privileged and non-work product such as what was disclosed in the Derivative Order, while at the same time asserting a blanket objection to the entire Report. At the very least Abercrombie's sur-reply raises the question of what, if any, information in the SLC Report is privileged. Abercrombie has persistently asserted a blanket objection to producing the Report on the basis that the entirety of its contents is protected by the attorney-client and work product privileges, but has in fact conceded that is not the case and has failed to show that the asserted privileges apply to the entire Report. *Shields v. UNUM Provident Corp.*, No. 2:05-CV-744, 2007 U.S. Dist. LEXIS 17836, at *23 (S.D. Ohio Mar. 9, 2007) (a corporate defendant's "blanket claim" as to the applicability of the work product doctrine does not satisfy its burden of establishing that the protection applies). At a minimum, therefore, those portions of the Report that were referenced or relied on in the Derivative Order should be produced.

DATED: October 27, 2009          Respectfully submitted,

          COUGHLIN STOIA GELLER
            RUDMAN & ROBBINS LLP
          ARTHUR C. LEAHY
          LAURA M. ANDRACCHIO
          MICHAEL F. GHOZLAND
          MATTHEW I. ALPERT


                    s/ LAURIE L. LARGENT
          _____
                    LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA 92101-4297
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

MURRAY MURPHY MOUL + BASIL LLP
GEOFFREY J. MOUL (0070663)
BRIAN K. MURPHY (0070654)
1533 Lake Shore Drive
Columbus, OH 43204
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

VANOVERBEKE MICHAUD &
    TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

Document1

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 27, 2009.

s/ LAURIE L. LARGENT
LAURIE L. LARGENT

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: LLargent@csgrr.com

# Mailing Information for a Case 2:05-cv-00819-EAS-TPK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@csgrr.com

- **Laura M Andracchio**
  lauraa@csgrr.com

- **Philip Albert Brown**
  pabrown@vssp.com,kyates@vssp.com,csbrandt@vssp.com

- **Alycia N Broz**
  anbroz@vorys.com

- **Sara E Collier**
  sec@federmanlaw.com

- **David Stewart Cupps**
  dscupps@vssp.com

- **Dana E Deering**
  ddeering@pdfslaw.com,sscalf@pdfslaw.com

- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com

- **Matthew L Fornshell**
  mfornshell@szd.com

- **Sharon Garb**
  sgarb@skadden.com

- **Stuart Gerson**
  sgerson@ebglaw.com

- **Michael F Ghozland**
  mghozland@csgrr.com

- **Jay B Kasner**
  jkasner@skadden.com

- **Beth A Keller**
  bkeller@faruqilaw.com

- **Mark Mathew Kitrick**

mkitrick@kitricklaw.com,deanna@kitricklaw.com

- **John Joseph Kulewicz**
  jjkulewicz@vssp.com

- **Laurie Largent**
  llargent@csgrr.com

- **Arthur C Leahy**
  artl@csgrr.com

- **Albert Grant Lin**
  aglin@vssp.com

- **Katherine G Manghillis**
  kmanghillis@szd.com,prichardson@szd.com,bspencer@szd.com

- **Joseph Andrew Matteo**
  jmatteo@skadden.com

- **Michelle M McCarron**
  MMcCarron@csgrr.com

- **John Cooper McDonald**
  jmcdonald@szd.com,vseckel@szd.com,jdingess@szd.com

- **E Kelly Mihocik**
  kemihocik@vorys.com

- **Ted Minahan**
  tedm@lerachlaw.com

- **Jamie R. Mogil**
  jmogil@faruqilaw.com

- **Geoffrey J Moul**
  moul@mmmb.com,tiffany@mmmb.com,osborn@mmmb.com

- **Brian K Murphy**
  murphy@mmmb.com,tiffany@mmmb.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com

- **William J Pohlman**
  wjpohlman@vssp.com,kyconley@vorys.com,dmstash@vorys.com,csbrandt@vorys.com

- **Jennifer F Sherrill**
  jfs@federmanlaw.com

- **Steven E Skwara**
  sskwara@ebglaw.com

- **Roger Philip Sugarman**
  rsugarman@keglerbrown.com

- **Michael Roy Szolosi , Sr**
  mrs@mcnamaralaw.us

- **Robert Neal Webner**
  RNWebner@vssp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

`Gianetti Investor Group`
`,`