IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Ross, Individually, and on behalf of all others similarly situated, | : : : | Consolidated Case Nos. 2:05-cv-0819 2:05-cv-0848 2:05-cv-0879 |
| Plaintiff, | : | 2:05-cv-0893 2:05-cv-0913 |
| v. | : | 2:05-cv-0959 |
| Abercrombie & Fitch Company, et al., | : : | JUDGE SARGUS |
| Defendants. | : | |

OPINION AND ORDER

I. Introduction

In an order filed on April 22, 2008, this Court denied plaintiffs' motion to compel discovery. That motion asked the Court to order the disclosure of the report of a Special Litigation Committee which Abercrombie had commissioned to determine if pursuing a derivative action was in Abercrombie's best interests. The Court reasoned that it was bound by the Court of Appeals' decision in In re Perrigo Co., 128 F.3d 430 (6th Cir. 1997) to keep the report sealed given the posture of the derivative cases at that point - namely, that the report had been filed under seal in support of a motion to dismiss those cases, but the Court had not ruled on that motion.

The Court has now dismissed the derivative actions based upon its determination that the report had been independently prepared and set forth a reasonable basis for concluding that pursuing the derivative actions was not in Abercrombie's best interests. See Opinion and Order of March 12, 2009 (Doc. #311 in Case No. 2:05-cv-819). That Opinion and Order is part of the

public record.  See Order of March 27, 2009 (Doc. #323). Subsequently, on August 18, 2009, plaintiffs renewed their motion to compel production of that report.  Although it is styled as a motion to compel discovery, the central issue which it raises is whether the report and its attachments, which have been filed under seal in the derivative actions, should be made part of the public record.  The motion has been fully briefed.  For the following reasons, the Court will schedule a hearing on the motion.

## II.  Discussion

The Court first visited this issue shortly after the motion to dismiss was filed in the derivative actions.  In Ross v. Abercrombie & Fitch Co., 2008 WL 1844357 (S.D. Ohio April 22, 2008), the Court, relying on Perrigo, held that the report was protected by both the attorney-client privilege and the work product doctrine and that the mere filing of the Special Litigation Committee's report was not cause for public disclosure of that report.  The Court also noted that, if the issue arose after the Court made its decision on the motion to dismiss, "the Court will follow Perrigo's directive to hold a hearing concerning how much, if any, of the report to make public." Ross, 2008 WL 1844357, *5.

In arguing that, even in light of the fact that the Court has now issued an Opinion that is based on the report, no public disclosure should be made, Abercrombie emphasizes that the privileged nature of the report has not changed.  It strongly disputes plaintiffs' assertion that the Court's opinion revealed any portions of the report that were covered by either the attorney-client privilege or which were attorney work product. Consequently, it disagrees that its failure to request the Court to keep any portion of that Opinion sealed constitutes a waiver

-2-

of any privilege. Thus, it contends that nothing has occurred which should affect the Court's analysis of whether the securities plaintiffs, or the public in general, is entitled to see either the report or the documents attached to it.

In contrast to Abercrombie's position, this Court does view the decision in the derivative cases as a significant development. Although shielding attorney-client privileged documents and attorney work product from public disclosure (or even limited disclosure) serves important interests, other public interests are implicated when such documents form the basis for a court decision. The courts in this country have recognized a long-standing common law right of public access to "judicial documents" - that is, documents relied upon by the courts in making decisions - in order that the public may know the basis for court decisions and be able to make an independent evaluation of whether the decisions are actually supported by the record. This is especially true for the federal courts. As the court stated in United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995), "[t]he presumption of access is based on the need for federal courts, although independent - indeed, particularly because they are independent - to have a measure of accountability and for the public to have confidence in the administration of justice." See also Rosado v. Bridgeport Roman Catholic Diocesan Corp.. 292 Conn. 1, 43, 970 A.2d 656, 681 (2009) (noting that "the presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication"; Perrigo, 128 F.3d at 440 ("We recognize that the public has a right to copy and inspect judicial records"), citing, inter alia, Nixon v. Warner Communications, 435 U.S. 589, 597 (1978). Thus, the fact that the Court has made a decision on the basis of information contained in the Special Litigation Committee report is a

significant factor to be considered in determining whether to unseal that report. See also In re Continental Illinois Securities Litigation, 732 F.2d 1302, 1315 (7th Cir. 1984) ("when the report is used in an adjudicative procedure to advance the corporate interest, there is a strong presumption that confidentiality must be surrendered").

As always, when competing interests are involved, it is the Court's duty to weigh those interests before determining which result to reach. That is the teaching of Perrigo, which held that the district court had erred by ordering disclosure of the Special Litigation Committee report involved in that case without holding a hearing and weighing "the interests of the public against the interests of Perrigo in maintaining its privilege as to all or part of the Report." Perrigo, 128 F.3d at 440. That weighing must included factors such as "[t]he importance of the material to the adjudication, the damage disclosure might cause, and the public interest in such materials ...." Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982). Although these interests are difficult to weigh, that difficulty does not relieve the Court of its obligation to decide how strongly to value the competing interests implicated by either unsealing the report or keeping it (or parts of it) out of the public domain.

The Court is not entirely sure what type of evidence (or argument) must be presented at a Perrigo hearing since it has never held one. On the other hand, such a hearing should not be materially different from a hearing held in other types of cases where the issue is whether previously-sealed documents should be made public. Joy sets forth some of those matters, and Perrigo itself notes that the Court must be concerned with, inter alia, whether the report "contain[s] highly confidential information, business trade practices or secrets, or other materials helpful to competitors and prejudicial to [the corporation] itself." Id.

Further, the Court is persuaded that these considerations must be applied to each portion of the report, and each type of supporting documents, separately, and that there can be no blanket determination that either all of that information, or none of it, should remain under seal. There is every possibility that the Court could unseal portions of the report that are both central to the order dismissing the derivative actions and not prejudicial to Abercrombie, and could keep under seal portions that are only marginally related to the dismissal of those cases or which create the danger of unfair prejudice to Abercrombie if made public. There is also the possibility that many of the documents supporting the report have already been either produced in discovery or made public in some other way. None of these matters can be determined based on the present record. Therefore, further proceedings, including the hearing contemplated by Perrigo, appear to be needed.

III. Conclusion

Based on the foregoing, the Court holds that a decision on the motion to compel is premature. The parties are instructed to contact the undersigned's courtroom deputy in order to secure a date for a hearing on the motion. In the meantime, counsel for Abercrombie is encouraged to review the report and exhibits and to determine how much, if any, of that material might be disclosed voluntarily, taking into account the factors which the Court will apply and which are set forth above. The parties shall be prepared to discuss, at a prehearing conference, how they will handle the fact that only one side will have access to the materials which are the subject of the motion.

/s/ Terence P. Kemp
United States Magistrate Judge