UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ROSS, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>ABERCROMBIE & FITCH COMPANY, et al.,<br><br>Defendants. | ) | No. 2:05-cv-00819-EAS-TPK<br>(**Consolidated**)<br><br>CLASS ACTION<br><br>JUDGE EDMUND SARGUS, JR.<br>MAGISTRATE JUDGE TERENCE KEMP |

LEAD PLAINTIFF CITY OF DEARBORN HEIGHTS ACT OF 345 POLICE AND FIRE RETIREMENT SYSTEM'S RESPONSE TO DEFENDANT ABERCROMBIE & FITCH CO.'S BRIEF REGARDING *PERRIGO* FACTORS

# TABLE OF CONTENTS

Page

I. OVERVIEW ....................................................................................................1

II. ARGUMENT ....................................................................................................4

A. Disclosure of the SLC Report and the Supporting Documents Is Warranted..........4

1. The SLC Report Was the Basis for Dismissing the Derivative Action....................................................................................................5

2. There is No Damage that Might Result from Public Disclosure of the Report and the Supporting Documents ....................................................5

3. Abercrombie Shareholders and the General Public Have a Significant Interest in Access to the SLC Report ........................................7

B. *Perrigo* Does Not Require Lead Plaintiff to Show A Substantial Need for the SLC Report and Its Underlying Documents ......................................................9

III. CONCLUSION....................................................................................................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Bank of Am., N.A. v. Hensley Props., L.P.*, No. CIV S-07-1584 GEB EFB, 2008 U.S. Dist. LEXIS 111541 (E.D. Cal. July 10, 2008) ....................3

*Berliner Corcoran & Rowe LLP v. Orian*, No. 06-1543 (CKK), 2009 U.S. Dist. LEXIS 95102 (D.D.C. Oct. 13, 2009)....................5

*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983) ....................2

*Friedman v. Sebelius*, No. 08-0586 (RMU), 2009 U.S. Dist. LEXIS 113795 (D.D.C. Dec. 7, 2009) ....................2

*FTC v. Standard Fin Mgmt. Corp.*, 830 F.2d 404 (1st Cir. 1987)....................8

*In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302 (7th Cir. 1984) ....................7

*In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997) ....................1, 2, 9

*Joy v. North*, 692 F.2d 880 (2d Cir. 1982).................... *passim*

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ....................2, 5, 9

*McKenna v. Nestle Purina PetCare Co.*, No. 2:05-cv-0976, 2008 U.S. Dist. LEXIS 43942 (S.D. Ohio 2008)....................3, 5

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)....................1

*Pichler v. UNITE*, 238 F.R.D. 405 (E.D. Pa. 2006)....................5

*Reg'l Airport Auth. v. LFG, LLC*, 460 F.3d 697 (6th Cir. 2006) ....................9

**Page**

*Stampley v. State Farm Fire & Cas. Co.*,
23 Fed. Appx. 467 (6th Cir. 2001)........................................10

*United States v. Amodeo*,
71 F.3d 1044 (2d Cir. 1995)........................................8

**RULES**

Sixth Circuit Court of Appeals
Rule 25(j)(2)........................................3

Lead Plaintiff City of Dearborn Heights Act of 345 Police and Fire Retirement System ("Lead Plaintiff") hereby responds to defendant Abercrombie & Fitch Co.'s ("Abercrombie") Brief Regarding *Perrigo* Factors ("Defs' Brief") (Docket #360). Abercrombie has not alleged any rational basis to support its argument that the Special Litigation Committee Report and supporting documents ("SLC Report" or "Report") should remain under seal. There is no compelling reason why the Report and its supporting documents should remain sealed given that they are part of the judicial record terminating the Derivative Action. Abercrombie makes vague and blanket assertions that the Report should not be disclosed because the information is allegedly privileged. However, this argument fails to meet the compelling reason standard recognized in this circuit for keeping such documents sealed. Equally unpersuasive is Abercrombie's argument that public access to the Report should be denied because Lead Plaintiff, as a member of the public, will have access to the Report. Additionally, Abercrombie's reliance on the Sixth Circuit Court of Appeals Order to seal the appellate record is unsupportable because the Court of Appeal made no independent finding that the Report should remain sealed. Lastly, Abercrombie's assertions that the public would not be served by public access to the SLC Report is contrary to the strong presumption of public access to judicial records in cases such as this where the documents at issue are the basis for the adjudication. Accordingly, Abercrombie has failed to meet its burden of rebutting the presumption in favor of public access to the SLC Report.

## I. OVERVIEW

It is a long-standing common law right, recognized by numerous federal courts including the United States Supreme Court and the Sixth Circuit, that the public has a general right to inspect judicial records and documents. This public right should not be trumped in favor of Abercrombie's request that the SLC Report remain sealed when Abercrombie has not presented a single compelling reason for such a request. Defs' Brief at 1; *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

(1978) ("courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents"); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180-81 (6th Cir. 1983) ("The public has a strong interest in obtaining the information contained in the court record. . . . The public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions.").

In its November 16, 2009 Opinion and Order (the "Order") (Docket #354), this Court recognized with respect to the SLC Report "there can be no blanket determination that [] all of [the] information should . . . remain under seal." *Id.* at 5. Abercrombie has not demonstrated that the SLC Report contains "highly confidential information, business trade secrets" or other materials that would cause damage to, harm or prejudice Abercrombie. Order at 4; *see also In re Perrigo Co.*, 128 F.3d 430, 440 (6th Cir. 1997). To rebut the presumption in favor of public access, Abercrombie must do more than simply make a vague, blanket assertion that it will be prejudiced or damaged by disclosure of information. Abercrombie cannot concede on the one hand the Report contains non-privileged information, and at the same time assert the attorney-client and work product privilege as to that very same information.[1] Abercrombie has made no attempt to voluntarily disclose even those portions of the Report that it concedes are not protected by the attorney-client and work product privileges despite being given that opportunity.[2] *See* Order at 5; *see also Friedman v. Sebelius*, No. 08-0586 (RMU), 2009 U.S. Dist. LEXIS 113795, at *8 (D.D.C. Dec. 7, 2009) (request for a blanket seal rather than requesting that only the alleged damaging portions of the record remain sealed,

---

[1] *See Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (where data arguably protected by the attorney-client privilege is the basis for a motion for judgment, the privilege is waived in favor of public access).

[2] Even if Abercrombie were to identify portions of the Report that it wants to remain under seal, Abercrombie would still need to justify each redaction and provide a compelling reason to keep the information sealed. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1183-84 (9th Cir. 2006). Abercrombie has not done so.

weighs in favor of disclosure).  Thus, Abercrombie has given no description of the "direct significant damage" it claims it will suffer should this Court unseal the Report.  Defs' Brief at 3.

Likewise, Abercrombie cannot show it will be damaged if the Report is unsealed giving shareholders in this class case access to the Report.  This Court acknowledged during the December 7, 2009 Prehearing Conference ("Prehearing Conference") this reason was insufficient. Abercrombie has not met the high threshold required to support continued secrecy concerning the dismissal of the Derivative Action.  *See Bank of Am., N.A. v. Hensley Props., L.P.*, No. CIV S-07-1584 GEB EFB, 2008 U.S. Dist. LEXIS 111541, at *6 (E.D. Cal. July 10, 2008) ("'Those who seek to maintain the secrecy of documents attached to dispositive motions must meet a high threshold of showing that "compelling reasons" support secrecy.'") (citation omitted).  Furthermore, the "'***mere fact that the production of records may lead to a litigant's embarrassment, incrimination or exposure to further litigation will not without more, compel the court to seal records***.'"  *Id.* (emphasis in original, citation omitted); *see also McKenna v. Nestle Purina PetCare Co.*, No. 2:05-cv-0976, 2008 U.S. Dist. LEXIS 43942, at *4 (S.D. Ohio 2008) (Kemp, J.) ("Generally, 'simple embarrassment or harm to one's reputation are insufficient to preclude the release of information.'" (citation omitted)).

Abercrombie's reliance on the Sixth Circuit order sealing the Report in this case is unpersuasive and misrepresents the basis of the Sixth Circuit order.  Defs' Brief at 2-3 & Ex. A.  The Sixth Circuit has made no independent finding in this case as to whether the Report should remain under seal.  Rather, based on Local Rules, the Sixth Circuit is required to issue such an order.  *See* Defs' Brief, Ex. A at 2 ("Documents filed under seal in the district court, however, 'shall continue to be filed under seal on appeal to this court.'") (citing 6th Cir. R. 25(j)(2)).  Thus, the Sixth Circuit order is not a factor in determining whether the SLC Report should be publicly accessible.

In sum, Abercrombie has not shown why the SLC Report should remain sealed until after the entry of final judgment in this class action, or why the public should not have access to the Report now that the Derivative Action has been adjudicated. The issue here is not simply a discovery matter based on privileged communications and attorney work product since the Report was the basis for the Court's adjudication of the Derivative Action.[3] Rather, the issue is one pertaining to a long-standing common law right of access to judicial records. As recognized by the court in *Joy*:

> ***An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny***. We simply do not understand the argument that derivative actions may be routinely dismissed on the basis of secret documents. We cannot say what the effect on investor confidence would be if special litigation committees were routinely allowed to do their work in the dark of night. We believe, however, that confidence in the administration of justice would be severely weakened.

692 F.2d at 893 (emphasis added). Public policy in this case favors public access to the Report given that Abercrombie has wholly failed to show any harm or damage that would result if the Report is unsealed. Secrecy of the underlying documents supporting the dismissal of the Derivative Action does not further the administration of justice in this case.

## II. ARGUMENT

### A. Disclosure of the SLC Report and the Supporting Documents Is Warranted

In determining whether to publicly disclose the SLC Report, the Court should take into account the considerations set forth in *Joy* (the *Joy* factors): (1) "the importance of the material to the adjudication" of the derivative action; (2) "the damage disclosure might cause" to Abercrombie; and

---

3 Abercrombie's argument that Lead Plaintiff's attempts to obtain a copy of the SLC Report have been unsuccessful because the allegedly privileged communications pertain to the shareholder action as well as the Derivative Action is nonsensical. *See* Defs' Brief at 2. Clearly any alleged privilege pertains to any action filed, whether a derivative or a class action and therefore has no bearing on Lead Plaintiff's efforts to unseal the SLC Report.

(3) "the public interest in such materials." *Joy*, 692 F.2d at 893. An application of the *Joy* factors to the circumstances here demands public access to the SLC Report.

**1. The SLC Report Was the Basis for Dismissing the Derivative Action**

The importance of the SLC Report to the adjudication of the Derivative Action is an undisputed fact Abercrombie completely ignores in its brief. Abercrombie's motion to dismiss the Derivative Action was a final and dispositive motion. Indeed, the need for public access is at its greatest when a matter reaches the adjudication stage as it did in the Derivative Action. *See Berliner Corcoran & Rowe LLP v. Orian*, No. 06-1543 (CKK), 2009 U.S. Dist. LEXIS 95102, at *5 (D.D.C. Oct. 13, 2009). In dismissing the Derivative Action, this Court considered whether the SLC conducted a reasonable investigation in good faith and whether the conclusions reached by the SLC were reasonable. Opinion and Order dated March 12, 2009 ("Derivative Order") (Docket #311) at 5, 14. The Court unquestionably relied on the SLC Report to conclude a dismissal was just, specifically citing to the Report 16 times throughout its 19-page Derivative Order.[4] Where """the documents at issue [are] . . . specifically referred to in the trial judge's public decision""" courts recognize the strong public need for access to documents such as the SLC Report at issue in this case. *Berliner Corcoran & Rowe*, 2009 U.S. Dist. LEXIS 95102, at *5-*6 (citation omitted).

**2. There is No Damage that Might Result from Public Disclosure of the Report and the Supporting Documents**

As to the second *Joy* factor, Abercrombie has not shown any potential damage that would be sufficient to overcome the presumption of public access if the Report is unsealed. The burden of "overriding the presumption of access rests squarely with the party seeking secrecy." *Pichler v. UNITE*, 238 F.R.D. 405, 408 (E.D. Pa. 2006). As recognized by this Court, "'only the most

---

[4] Derivative Order at 9; *id.* at 11 (twice); *id.* at 14; *id.* at 15 (twice); *id.* at 16 (four times); *id.* at 17; *id.* at 18 (four times).

compelling reasons can justify the non-disclosure of judicial records.'" *McKenna*, 2008 U.S. Dist. LEXIS 43942, at *4 (citation omitted); *see also Kamakana*, 447 F.3d at 1179 (compelling reasons sufficient to outweigh the public's interest in disclosure exist when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements or release trade secrets") (citation omitted). No such compelling reasons exist in this case.

The two bases for Abercrombie's claim that it will purportedly be damaged by disclosure of the SLC Report are: 1) that disclosure of the Report would cause damage to Abercrombie because the Report contains "legal analysis of counsel;" and 2) that disclosure will give Lead Plaintiff in this case access to the Report. Defs' Brief at 3. Here, the SLC Committee recommended the Derivative Action be terminated. Abercrombie filed its motion to dismiss the Derivative Action based solely on the SLC's recommendation and submitted the SLC Report in support of the motion to dismiss. As recognized in *Joy*, once any work product becomes part of the basis of the SLC's recommendation, the work product privilege cannot be claimed. 692 F.2d at 893-894. Furthermore, Abercrombie does nothing more than make a vague, blanket claim that the entire Report is purportedly protected by the work product privilege. Such a blanket assertion has already been rejected by this Court. Order at 5. Because Abercrombie admits the Report contains non-privileged information it cannot make a blanket objection that the Report should remain sealed.

Any assertion by Abercrombie that it would be unfair and somehow damaged if Lead Plaintiff in this case obtained access to the Report is equally unpersuasive. During the Prehearing Conference, this Court indicated any purported damage to Abercrombie based on the mere fact that public disclosure would allow Lead Plaintiff in this case to see the SLC report would be insufficient to keep the Report sealed. Abercrombie ignores this Court's guidance and asserts as its primary basis for alleged damage that Lead Plaintiff would somehow gain an advantage in the case if the

Report was unsealed. Defs' Brief at 3. Tellingly, there is no case law or legal support for Abercrombie's position. And any such assertion that Lead Plaintiff would gain an advantage is contrary to Abercrombie's arguments that Lead Plaintiff has received all the documents cited in the Report and that Abercrombie has disclosed "a host of publicly filed documents" in this action. Defs' Brief at 4. There is no reason to deny public access in this case.

### 3. Abercrombie Shareholders and the General Public Have a Significant Interest in Access to the SLC Report

The third factor set forth in *Joy*, that "the public [has an] interest in such materials," (692 F.2d at 893) also weighs in favor of public access to the SLC Report in this case. Here, the public would best be served by unsealing the SLC Report because the public has every right to know why the Court found it reasonable for the SLC to determine there was no wrongdoing in the face of compelling insider trading allegations. The Derivative Action alleged Michael Jeffries, the CEO of a publicly-traded company, sold $127 million of his own Company stock from the beginning of June 2005 until the middle of July 2005, just one month before Abercrombie released negative information pummeling the stock down 20% from when Jeffries began selling. And, while the public may have access to Abercrombie's public filings such as SEC documents, this alone does not enable the public to know the basis for this Court's decision for dismissal of the derivative suit. *See* Defs' Brief at 4.

To Lead Plaintiff, Abercrombie shareholders and the public at large, the fact that Jeffries and other insiders reaped enormous profits so soon before defendants released negative news about the Company's 2Q 2005 gross margins and earnings per share, brings into question the integrity of Abercrombie management and public markets in general. Investor confidence is an essential component of the open market system and Abercrombie shareholders, as well as the general public, have every right to know why the SLC made its determination. The public should be given an opportunity to evaluate the facts on which the SLC based its decision. *See In re Cont'l Ill. Sec.*

*Litig.*, 732 F.2d 1302, 1309 n.9 (7th Cir. 1984) ("Investors depend on available information in making investment decisions; a more informed investment community presumably contributes to efficient functioning of the securities markets.").

Public policy favors the release of the SLC Report to the public and does not depend on which party is asking for disclosure. Instead, public policy relies on the integrity of the judicial process and the importance of access to court records for purposes of insuring public confidence in the administration of justice. *See* Order at 3 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("[t]he presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice")). Therefore, any assertion by Abercrombie that no member of "the public" has sought release of the Report as a basis for keeping the Report sealed is incorrect and misses the point with respect to the public policy favoring disclosure. Defs' Brief at 3-4. Each and every Abercrombie shareholder, including Lead Plaintiff, has the right to know why the Court found the SLC's conclusion of no wrongdoing reasonable in the face of compelling insider trading allegations.

Abercrombie's assertion that the public interest would be harmed because companies faced with derivative suits would be dissuaded from forming SLCs is nonsense. *See* Defs' Brief at 4. This alleged potential future harm to companies faced with derivative suits does not equate to the harm the public would suffer because of a lack of transparency with respect to judicial proceedings in this case. In fact, allowing access to a SLC's Report following the termination of a derivative action would encourage public companies to be more thorough in their investigations because of the public scrutiny that would follow from disclosure. Public scrutiny serves as a foundation for decisions upholding the public's right to access documents used in support of dispositive motions. *See FTC v. Standard Fin Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("Public access to judicial records and

documents allows the citizenry to 'monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.'") (citation omitted).

**B. *Perrigo* Does Not Require Lead Plaintiff to Show A Substantial Need for the SLC Report and Its Underlying Documents**

Defendants attempt to misdirect the Court's analysis from a balancing of the *Perrigo* factors to a "straightforward work product analysis." Defs' Brief at 5. As this Court discussed during the Prehearing Conference, the onus is on defendants to demonstrate the particularized harm it would suffer, other than merely disclosure to Lead Plaintiff. Therefore Lead Plaintiff does not have the burden under *Perrigo* to demonstrate a substantial need and that it is unable to obtain the substantial equivalent of the materials without undue hardship.[5] *See also Kamakana*, 447 F.3d at 1178 (the party seeking to deny public access has the burden of overcoming the presumption in favor of access).

Even if this Court deems the work product analysis relevant at this juncture of the proceedings, Lead Plaintiff can demonstrate a substantial need for the Report and the underlying documents. Defendants assert Lead Plaintiff received "copies of ***all*** of the Abercrombie documents cited in the Report" and therefore cannot demonstrate a substantial need. Defs' Brief at 5 (emphasis in original). In fact, Lead Plaintiff has not "been given access to information underlying the Report." *Id*. at 6. As an example, Lead Plaintiff has not received information concerning any of the more than 50 witness interviews conducted during the SLC investigation. Lead Plaintiff has not been provided with deposition testimony, transcripts or any notes concerning any witnesses interviews, including the named defendants in the class action proceeding. In light of the upcoming depositions of key

---

5 Defendants' misplaced reliance on *Reg'l Airport Auth. v. LFG, LLC*, 460 F.3d 697 (6th Cir. 2006) is apparent. In that case the issue before the Sixth Circuit was one of first impression; whether attorney opinion work product communicated to a testifying expert is protected. The court concluded: "Rule 26[(a)(2)] creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts." *Id*. at 717.

witnesses, including the named defendants, Lead Plaintiff must be given the opportunity to test the credibility of these witnesses with respect to their prior testimony. Lead Plaintiff has no other source than the SLC Report and its underlying documents for such testimony. Lead Plaintiff can, if required, demonstrate substantial hardship because there is no other substitute for this prior testimony, if such testimony exists. Any suggestion that Lead Plaintiff can obtain such information by deposing the SLC members is pure speculation given that Lead Plaintiff has no way of knowing which, if any, witnesses the SLC deposed.[6]

## III. CONCLUSION

In conclusion, Lead Plaintiff respectfully submits, based on the foregoing, Abercrombie shareholders and the public should have access to the SLC Report and the underlying documents relied upon by this Court in dismissing the Derivative Action. The integrity of the judicial process is not served by secreting the Report and documents from public review. Lead Plaintiff also

---

[6] Contrary to the facts in *Stampley v. State Farm Fire & Cas. Co.*, 23 Fed. Appx. 467, 471 (6th Cir. 2001), here Lead Plaintiff can demonstrate the testimony of witnesses before the SLC is relevant to these proceedings and that there is a substantial need for such testimony because Lead Plaintiff has no other alternative for obtaining such testimony.

respectfully requests that an order regarding this issue be expedited as the Lead Plaintiff has depositions scheduled that may be impacted by the Court's ruling.

DATED: December 15, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
LAURA M. ANDRACCHIO
ANNE L. BOX
LAURIE L. LARGENT
MICHAEL F. GHOZLAND
MATTHEW I. ALPERT

s/ANNE L. BOX
ANNE L. BOX

655 West Broadway, Suite 1900
San Diego, CA 92101-4297
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

VANOVERBEKE MICHAUD &
TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

MURRAY MURPHY MOUL + BASIL LLP
GEOFFREY J. MOUL (0070663)
BRIAN K. MURPHY (0070654)
1533 Lake Shore Drive
Columbus, OH 43204
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 15, 2009.

s/ANNE L. BOX
ANNE L. BOX

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:AnneB@csgrr.com

# Mailing Information for a Case 2:05-cv-00819-EAS-TPK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@csgrr.com

- **Laura M Andracchio**
  lauraa@csgrr.com

- **Anne L Box**
  anneb@csgrr.com

- **Philip Albert Brown**
  pabrown@vssp.com,kyates@vssp.com,csbrandt@vssp.com

- **Alycia N Broz**
  anbroz@vorys.com

- **Sara E Collier**
  sec@federmanlaw.com

- **David Stewart Cupps**
  dscupps@vssp.com

- **Dana E Deering**
  ddeering@pdfslaw.com,sscalf@pdfslaw.com

- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com

- **Matthew L Fornshell**
  mfornshell@szd.com

- **Sharon Garb**
  sgarb@skadden.com

- **Stuart Gerson**
  sgerson@ebglaw.com

- **Michael F Ghozland**
  mghozland@csgrr.com

- **Jay B Kasner**
  jkasner@skadden.com

- **Beth A Keller**

bkeller@faruqilaw.com

- **Mark Mathew Kitrick**
  mkitrick@kitricklaw.com,deanna@kitricklaw.com

- **John Joseph Kulewicz**
  jjkulewicz@vssp.com

- **Laurie Largent**
  llargent@csgrr.com

- **Arthur C Leahy**
  artl@csgrr.com

- **Albert Grant Lin**
  aglin@vssp.com

- **Katherine G Manghillis**
  kmanghillis@szd.com,prichardson@szd.com,bspencer@szd.com

- **Joseph Andrew Matteo**
  jmatteo@skadden.com

- **Michelle M McCarron**
  MMcCarron@csgrr.com

- **John Cooper McDonald**
  jmcdonald@szd.com,vseckel@szd.com,jdingess@szd.com

- **E Kelly Mihocik**
  kemihocik@vorys.com

- **Ted Minahan**
  tedm@lerachlaw.com

- **Jamie R. Mogil**
  jmogil@faruqilaw.com

- **Geoffrey J Moul**
  moul@mmmb.com,tiffany@mmmb.com,osborn@mmmb.com

- **Brian K Murphy**
  murphy@mmmb.com,tiffany@mmmb.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com

- **William J Pohlman**
  wjpohlman@vssp.com,kyconley@vorys.com,dmstash@vorys.com,csbrandt@vorys.com

- **Jennifer F Sherrill**
  jfs@federmanlaw.com
- **Steven E Skwara**
  sskwara@ebglaw.com
- **Roger Philip Sugarman**
  rsugarman@keglerbrown.com
- **Michael Roy Szolosi , Sr**
  mrs@mcnamaralaw.us
- **Robert Neal Webner**
  RNWebner@vssp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Gianetti Investor Group**
,