UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ROSS, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>ABERCROMBIE & FITCH COMPANY, et al.,<br><br>Defendants. | ) | No. 2:05-cv-00819-EAS-TPK<br>(**Consolidated**)<br><br>CLASS ACTION<br><br>JUDGE EDMUND SARGUS, JR.<br>MAGISTRATE JUDGE TERENCE KEMP |

LEAD PLAINTIFF CITY OF DEARBORN HEIGHTS ACT OF 345 POLICE AND FIRE RETIREMENT SYSTEM OPPOSITION TO MOTION OF ALL DEFENDANTS TO COMPEL DISCOVERY

Lead Plaintiff City of Dearborn Heights Act of 345 Police and Fire Retirement System ("Lead Plaintiff" or "plaintiff") hereby respectfully submits this memorandum of law in support of its opposition to the Motion of All Defendants to Compel Discovery (Docket #363).

## I. INTRODUCTION

Defendants' motion to compel, which seeks an order compelling Lead Plaintiff to respond to 44 contention interrogatories asking for detailed, fact specific information that plaintiff intends to rely on at trial, should be denied for several reasons. First, defendants' blanket assertion that they are entitled to such information because in their opinion discovery to date has not shown any evidence that defendants violated the securities laws is insufficient to meet their burden of justifying why it is proper for plaintiff to respond to contention interrogatories before the completion of fact discovery. Key witness depositions and depositions of the Individual Defendants (Singer, Leino, Chang, Herro and Jeffries) have not been taken, and other discovery is outstanding.[1] Plaintiff is not suggesting that defendants are not entitled to responses to their contention interrogatories, rather plaintiff disputes the timing of the responses. By propounding contention interrogatories now, defendants are improperly asking plaintiff to lay out its trial position before pivotal discovery is

---

[1] The Individual Defendants' depositions are currently scheduled as follows: David L. Leino 2/5/10, Diane Chang 2/12/10, Robert Singer 1/26/10 and Michael S. Jeffries 3/10/10. With respect to Mr. Jeffries, the Court has not ruled on the Stipulation and Proposed Order Regarding the Deposition of Michael Jeffries on March 10, 2010 (Docket #349). Plaintiff has asked for a deposition date for defendant Leslee K. Herro but no dates have been provided. Three other key witness depositions have been scheduled or are in the process of being scheduled: Kristin Gonzalez 1/19/10 (key witness concerning the Company's gross margin projections for 2Q05 during the Class Period); Matthew Smith 2/17/10 (key witness regarding information about Jeffries stock sales); Brian Logan to be scheduled (Logan was the Company's controller during the Class Period and reported directly to defendant Robert Singer). In addition, plaintiff served Abercrombie with requests for production of documents that Abercrombie has objected to. The parties are still meeting and conferring as to the production of these documents.

complete.[2] Not only does this put an undue burden on plaintiff, it also invades plaintiff's attorney work-product privileges.

Second, the interrogatories for which defendants are seeking to compel responses focus primarily on defendants' conduct (scienter) and/or require expert testimony. Accordingly, any response at this time will produce little, if any, useful information since several important depositions, including the depositions of the Individual Defendants, have yet to be taken and experts have not yet been designated. Defendants ignore that Lead Plaintiff has agreed to respond to 14 interrogatories which ask plaintiff to identify the false statements and omissions plaintiff intends to rely on at trial, the evidence plaintiff intends to rely on in connection with defendants' statements and omissions and the potential witnesses plaintiff may call at trial. In addition to the fact that defendants have access to all documents produced in this case, have attended all depositions taken so far and were provided with the names of confidential witnesses over two years ago, the responses to these 14 interrogatories are more than sufficient at this time to provide defendants with the information they need to proceed with any discovery.

Lastly, requiring Lead Plaintiff to respond to 44 time-consuming contention interrogatories that will yield minimal information at this stage of discovery during the same time plaintiff continues to prepare for depositions and other discovery, places an undue burden on plaintiff and puts plaintiff at a disadvantage in this litigation. There is no reason why at this stage of the case plaintiff should be required to respond to interrogatories concerning its trial strategy and then later be required to supplement those same responses because discovery is not now complete. Here, defendants have had an opportunity to review every document produced in this case and have attended every

---

[2] If defendants' motion is denied and the Court orders that the interrogatories need not be answered until discovery is complete, plaintiff is not opposed to additional time for defendants to conduct discovery following service of plaintiff's responses to the contention interrogatories should an extension be necessary.

deposition taken in this case. Defendants have not demonstrated how responding to 44 contention interrogatories about defendants' state of mind when their depositions have not yet been taken, outweighs the prejudice and burden to plaintiff in responding to them before discovery is complete.

## II.  BACKGROUND

Fact discovery is ongoing in this case. As of this date, no deadlines have been set for the exchange of expert information or expert discovery. Additionally, plaintiff is still attempting to obtain relevant documents from Abercrombie and is consulting with experts.

To date, several depositions have been taken of mid- to low-level current and former Abercrombie employees in order to understand the process for planning the Company's spring 2005 business (which includes the Class Period). This process includes planning for markdowns, inventory sales, cost of goods sold, gross margin and other important metrics that had an impact on the Company's gross margin for 2Q05. However, plaintiff has yet to take the most important depositions in the case. The depositions include the Individual Defendants and key Abercrombie employees who have direct knowledge of the issues at the heart of this action, including what defendants knew regarding the Company's sales, gross margin and earnings per share during the Class Period. Undoubtedly these depositions will clarify many issues in this case.

## III.  ARGUMENT

### A.  Defendants 44 Contention Interrogatories Which Ask for Information that Plaintiff Intends to Rely on at Trial Are Premature and Unduly Burdensome as Discovery is Not Complete

Fed. R. Civ. P. 33(a)(2) provides that although an "interrogatory is not objectionable merely because it asks for an opinion or contention . . . the court may order that the interrogatory need not be answered until designated discovery is complete." When seeking to compel responses to contention interrogatories, the propounding party has the burden to prove how an earlier response will assist the goals of discovery. *Schweinfurth v. Motorola, Inc.*, No. 1:05CV0024, 2007 U.S. Dist. LEXIS 98182, at *13 (E.D. Ohio Dec. 3, 2007); *Vishay Dale Elecs., Inc. v. Cyntec Co.*, No.

8:07CV191, 2008 U.S. Dist. LEXIS 94492, at *14 (D. Neb. Nov. 6, 2008) (same). Specifically, the party seeking responses "'must be able to show that there is good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case.'" *Schweinfurth*, 2007 U.S. Dist. LEXIS 98182, at *13-*14 (citation omitted). Courts have found that failure to give a specific substantive reason as to why an early response is warranted is sufficient grounds to deny a motion to compel. *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *18-*19 (N.D. Ind. May 13, 2009). Defendants have not met their burden here.[3]

The 44 contention interrogatories ask for all facts and evidence plaintiff intends to rely on at trial to support the following: 1) scienter; 2) materiality; 3) reliance; 4) damages; and 5) violations of §20(a) of the Securities and Exchange Act of 1934 ("the Exchange Act"). Contrary to defendants' assertion, the interrogatories at issue are neither specific or narrowly tailored for this case. Rather, defendants' interrogatories encompass virtually every factual basis and all evidence supporting defendants' violation of §10(b), Rule 10b-5 and §20(a). *See* 7-33 *Moore's Federal Practice - Civil* §33.78 (Matthew Bender 3d ed. 2009) (contention interrogatories "must be specific, intelligible, and narrowly tailored for the case").[4]

---

3 Contrary to defendants' assertions, courts have routinely held that contention discovery should wait until ***after*** discovery has been substantially completed. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *3-*4, *6 (N.D. Cal. Dec. 11, 2008) (court denied a defendants' motion to compel answers to contention interrogatories seeking "all facts" of two "major issues" in the litigation before discovery was complete and noted "[c]ourts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken"); *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) (denying motion to compel answers to contention discovery, holding "[d]efendants seek, in effect, responses similar to broad contention interrogatories which in most circumstances are premature at this early stage of litigation"); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337-38 (N.D. Cal. 1985) (courts generally disfavor contention interrogatories asked before discovery is undertaken); *Tennison v. City & County of San Francisco*, 226 F.R.D. 615, 618 (N.D. Cal. 2005) (same).

4 For example, several defendants have propounded the following overly broad and unduly burdensome interrogatory pertaining to violation of §20(a) of the Exchange Act:

In a case where discovery is not complete "'[t]o require specifically "each and every" fact and application of law to fact . . . would too often require a laborious, time consuming analysis" of which the burden to answer outweighs the benefit to be gained. *Gregg*, 2009 U.S. Dist. LEXIS 40761, at *16-*17 (citation omitted). Here, defendants' knowledge of the facts and evidence in this case is equal, if not superior to, plaintiff's because defendants have access to, and have reviewed, all of the documents that have been produced to plaintiff and that will be used at trial. Thus, defendants cannot assert they do not have access to what they are seeking. It would be pointless, and an undue burden, to force plaintiff to go through the rigorous analysis of responding to the contention interrogatories at this time given that discovery is not complete. Indeed, plaintiff's time and efforts would be better spent completing the depositions of the Individual Defendants and the key witness depositions rather than litigating whether responses should be compelled at this stage of the litigation. *See Gregg*, 2009 U.S. Dist. LEXIS 40761, at *18 ("'[i]n the interest of judicial economy and fairness, the answers to contention interrogatories often are delayed until the end of discovery'") (citation omitted).

Defendants' claim that plaintiff refuses to divulge the names of persons with discoverable information is wrong. Since November 2007, when plaintiff served its supplemental Rule 26 disclosures, defendants have had the names of the various percipient witnesses (including confidential witnesses) that are likely to have discoverable information in this case. Although defendants have known this information for over two years, they have made no attempt to depose

---

> Identify all evidence on which plaintiff intends to rely at trial in support of its claim that [defendant] violated Section 20(a) of the Exchange Act.

*See* Defendant Diane Chang's First Set of Interrogatories, No. 7, Defendant Leslee K. Herro's First Set of Interrogatories, No. 7; Defendant David L. Leino's First Set of Interrogatories, No. 7; Defendant Michael S. Jeffries' First Set of Interrogatories, No. 15; Defendant Robert Singer's First Set of Interrogatories, No. 7.

any of the witnesses disclosed. Thus, for defendants to assert they need responses now in order to take discovery is disingenuous. Defendants cannot now claim that interrogatory responses are necessary in order to obtain the names of witnesses that have been in their possession since November 2007.[5]

Defendants' assertion that discovery is almost complete in this case is also misleading. The bulk of the important fact witness depositions are scheduled over the next two months. Thus, although the fact discovery cut-off is February 28, 2010, there is still a substantial amount of discovery to complete in this case.

### B. Defendants' Contention Interrogatories Concerning Scienter are Premature Since Defendants and Key Witness Depositions Have Not Yet Been Taken

Defendants have propounded several interrogatories that specifically ask for information concerning defendants' scienter.[6] As an example, defendant Abercrombie propounded the following contention interrogatory:

> With respect to each individual statement or other conduct indentified in response to Interrogatory 1 above, identify all evidence on which plaintiff intends to rely at trial in support of its claims that Abercrombie acted with Scienter.

Defendant Abercrombie & Fitch Co.'s Second Set of Interrogatories, No. 3.

---

5 The issue of whether defendants are entitled to know what information confidential witnesses have provided to plaintiff has already been decided by this Court. *See* Opinion and Order dated March 24, 2008 (Docket #207). The Court ruled that the attorney work-product privilege protects plaintiff from being forced to reveal which witnesses have been interviewed and what information they provided to plaintiff.

6 Defendant Abercrombie & Fitch Co.'s Second Set of Interrogatories, Nos. 3 -7; Defendant Diane Chang's First Set of Interrogatories, No. 3; Defendant Leslee K. Herro's First Set of Interrogatories, No. 3; Defendant David L. Leino's First Set of Interrogatories, No. 3; Defendant Michael S. Jeffries' First Set of Interrogatories, Nos. 3, 5, 13; Defendant Robert Singer's First Set of Interrogatories, Nos. 3, 8.

At the very least, in order to provide a meaningful response to this interrogatory and others asking for similar information, plaintiff must complete the scheduled depositions in this case, particularly the Individual Defendants' depositions. Otherwise, plaintiff cannot provide useful responses as to what defendants knew. As stated by the court in *Convergent Techs.*, "at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kind of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail." 108 F.R.D. at 337-38; *see also Kim v. City of Santa Clara*, No. C 09-0025 RS, 2009 U.S. Dist. LEXIS 112976, at *6-*7 (N.D. Cal. Nov. 19, 2009) (courts denied defendant's motion to compel responses to contention interrogatories on the bases that there was no point in forcing plaintiff to respond when discovery was not complete).

Given that this case is essentially still in the middle of discovery and the most knowledgeable witness depositions have yet to be taken, including the deposition of the Individual Defendants, defendants' contention interrogatories regarding scienter are premature. Although contention interrogatories may be helpful in narrowing and defining the issues for trial, contention requests such as those propounded by defendants concerning scienter are unduly burdensome at this stage of the litigation.

**C. Defendants' Contention Interrogatories Concerning Expert Information are Premature Since Experts Have Not Been Designated**

Likewise, the contention interrogatories propounded by Jeffries concerning expert information and issues that require expert testimony (*i.e.* damages and reliance) are also premature as experts have not yet been designated in this case. *See* Defendant Michael S. Jeffries' First Set of Interrogatories, Nos. 6, 7, 17, 18. Dates to disclose the expert witnesses that may testify at trial on behalf of plaintiff pursuant to Fed. R. Civ. P. 26(a)(3) have not been set. Accordingly, it is too early for plaintiff to be compelled to disclose such information.

## IV. CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court deny the Motion of All Defendants to Compel Discovery and allow plaintiff to respond to defendants' contention interrogatories after the close of discovery in this case. In the event that the Court is inclined to grant any portion of defendants' motion to compel, plaintiff respectfully requests it be given at least 30 days to respond.

DATED: December 30, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
LAURA M. ANDRACCHIO
ANNE L. BOX
LAURIE L. LARGENT
MICHAEL F. GHOZLAND
MATTHEW I. ALPERT

s/ LAURIE L. LARGENT
LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA 92101-4297
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

MURRAY MURPHY MOUL + BASIL LLP
GEOFFREY J. MOUL (0070663)
BRIAN K. MURPHY (0070654)
1533 Lake Shore Drive
Columbus, OH 43204
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

VANOVERBEKE MICHAUD &
TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

S:\CasesSD\Abercrombie 05\secy\brf00063782.doc

CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 30, 2009.

    s/ LAURIE L. LARGENT
    LAURIE L. LARGENT

    COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
    655 West Broadway, Suite 1900
    San Diego, CA 92101-3301
    Telephone: 619/231-1058
    619/231-7423 (fax)

    E-mail:LLargent@csgrr.com