```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

| | | |
|---|---|---|
| Robert Ross, Individually, | : | Consolidated Case Nos. |
| and on behalf of all others | | 2:05-cv-0819 |
| similarly situated, | : | 2:05-cv-0848 |
| | | 2:05-cv-0879 |
| Plaintiff, | : | 2:05-cv-0893 |
| | | 2:05-cv-0913 |
| v. | : | 2:05-cv-0959 |
| | | |
| Abercrombie & Fitch Company, | : | |
| et al., | | |
| | : | JUDGE SARGUS |
| Defendants. | | |
| | : | |

<u>ORDER</u>

These class action securities cases are before the Court to consider defendants' motion to compel discovery. The motion relates to certain contention interrogatories served on October 28 and 30, 2009, to which defendants wanted answers no later than January 8, 2010. Although that date has passed, the Court agrees that defendants are entitled to answers - and plaintiffs do not disagree with that fundamental premise, only with the timing of those responses. For the following reasons, the Court will establish a date for responding to the remaining contention interrogatories and will also extend the case schedule.

The two sets of contention interrogatories at issue include 58 separate inquiries. The parties did make an extrajudicial effort to resolve this matter, and plaintiffs agreed to provide answers to some of the interrogatories. In particular, they expressed a willingness to answer questions asking them to identify the alleged material false statements, misleading statements, or omissions upon which their Rule 10b-5 claim is based and to identify the fact witnesses they will call at trial. However, they did not agree to provide immediate answers to the

remainder.  As plaintiffs characterizes them, the 44 remaining interrogatories at issue ask plaintiffs to advise defendants of the facts that they intend to use to prove scienter, materiality, reliance, damages, and violations of §20(a) of the 1934 Act. Plaintiffs claim the interrogatories relating to the §20(a) claim are overly broad and not narrowly tailored to the circumstances of this case.  With respect to the scienter and materiality interrogatories, plaintiffs point out that the key depositions in this case have yet to be taken, and that they are not in a position to answer these interrogatories now with any specificity. Were they to do so, they would simply have to supplement those answers after they take these depositions. Finally, they argue that the interrogatories going to the elements of reliance and damages cannot be answered at this time because their proof on these issues will come through expert witnesses, and the time has not yet come for the identification of such witnesses or the exchange of expert reports.  Defendants argue, however, that they need all of this information immediately because fact discovery is scheduled to close at the end of February, and if they do not get the answers they have requested until after the plaintiffs take the depositions, there will be no time left for them to conduct discovery on those issues.

The Court sees no value in having plaintiffs answer most of these contention interrogatories in advance of the depositions of the defendants' key witnesses.  While it is undoubtedly true that plaintiffs must have some information that supports their allegations of scienter and materiality, that information would be incomplete without testimony from the persons who allegedly were responsible for the statements or omissions that form the basis of their claims.  That is one reason why contention interrogatories are generally deferred to the end of the

discovery period, and why their primary purpose is to narrow the issues for trial rather than providing the foundation for substantial follow-on discovery.  See, e.g., In re Northfield Laboratories Inc. Securities Litigation, ___ F.R.D. ___, 2009 WL 4639678 (N.D. Ill. December 8, 2009).  Further, it seems likely that the bulk of plaintiffs' case on the issues of reliance and damages will (in this particular type of case) be presented through expert testimony.  See, e.g., RMED Intern. v. Sloan's Supermarkets, 2000 WL 310352, *3 (S.D. N.Y. March 24, 2000) (detailing subjects of proposed expert testimony in a "fraud on the market" case as including "materiality, causation and damages").  Presumably, plaintiffs' expert reports (which are not yet due) will disclose in great detail their position on these issues, and their depositions will allow defendants to explore additional detail.  Although expert witness disclosure dates have not been set, the Court anticipates that those dates will provide for a staggered disclosure regimen, so that defendants will have the plaintiffs' expert reports in hand before they are required to identify their responsive experts.  Having contention interrogatories answered on those issues now rather than later (or at all, depending on how comprehensive the expert reports will be) would not seem to be a productive enterprise.

Additionally, the Court is not persuaded that defendants need all of these interrogatories answered immediately so that they can then schedule their depositions prior to the discovery cutoff date.  As mentioned above, providing information such as the names of witnesses with knowledge of the relevant facts is not the ordinary function of contention interrogatories.  That is the stuff of initial disclosures or basic initial interrogatories.  Further, plaintiffs have agreed to answer the interrogatories asking them to identify their fact witnesses.  Defendants have not adequately explained why they need the

additional responses they seek simply in order to decide whether to take depositions or whom to depose.

For all of these reasons, the Court denies the motion to compel (#363) to the extent that it seeks an order directing plaintiffs to answer these interrogatories immediately. However, in order to address some of the concerns articulated by the defendants in their motion, the Court directs the parties to confer about dates for answering the materiality and scienter interrogatories which are tied to the completion of the key depositions on these issues, and to propose an extension of the fact discovery cutoff that will allow defendants some time to identify fact witnesses to depose on these issues after they receive the responses. In the Court's view, that should not have an impact on the scheduling of expert witness disclosures or the completion of all discovery in the case. It will also provide plaintiffs with the opportunity to conduct some additional discovery should the Court's order concerning the Special Litigation Committee Report take effect and allow plaintiffs access to that report and all of the underlying documentation.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge

or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge