IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Ross, Individually,
and on behalf of all others
similarly situated,

        Plaintiff,

   v.

Abercrombie & Fitch Company,
et al.,

        Defendants.

Consolidated Case Nos.
2:05-cv-0819
2:05-cv-0848
2:05-cv-0879
2:05-cv-0893
2:05-cv-0913
2:05-cv-0959

JUDGE SARGUS

ORDER

This Court's Local Civil Rule 83.4 sets forth specific and clear procedures for the withdrawal of both trial attorneys and co-counsel. A trial attorney may withdraw by notice if the notice is signed by the withdrawing attorney, the client, **and** the new trial attorney; however, the client's signature is not needed if the new trial attorney is a member of the same firm as the withdrawing trial attorney. Local Civ. R. 83.4(c)(1). Co-counsel may withdraw by notice if the notice is signed by **both** the withdrawing co-counsel and the trial attorney. Local Civ. R. 83.4(c)(2). Otherwise, any attorney wishing to withdraw must file a motion which shows good cause for the withdrawal and which is served on the client. Local Civ. R. 83.4(c)(1)(ii), (2).

The Court has received a notice of withdrawal of counsel which does not comply with Local Civ. R. 83.4(c). Specifically, the withdrawing attorney has not signed the notice of withdrawal in accordance with Local Civ. R. 83.4(c)(2). Consequently, that notice (#376 in Case No. 2:05-cv-819) is disapproved, and withdrawing counsel's name shall remain on the docket. This disapproval is without prejudice to the submission of a notice or motion made in compliance with Rule 83.4(c).

/s/ Terence P. Kemp
United States Magistrate Judge