UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ABERCROMBIE & FITCH COMPANY, et al.,<br><br>Defendants. | No. 2:05-cv-00819-EAS-TPK<br>(**Consolidated**)<br><br><u>CLASS ACTION</u><br><br>JUDGE EDMUND SARGUS, JR.<br>MAGISTRATE JUDGE TERENCE KEMP |

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM
DEFENDANT ROBERT S. SINGER

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. SUMMARY OF DISPUTE AND LOCAL RULE 37-2 CONFERENCE ..........................1

III. ARGUMENT..........................................................................................................3

    A. Rule 612 Requires that Singer Produce Any Documents He Prepared and Used to Refresh His Recollection Prior to His January 26, 2010 Deposition ..................................................................................................3

    B. Singer's Belated Assertion of Attorney Work Product Protection Does Not Shield the Memoranda from Discovery ................................................4

    C. As a Self-Prepared Admission by a Party-Opponent, Plaintiff Has a Substantial Need for This Document Because It Directly Relates to the Pending Litigation and There Is No Other Means to Obtain a Substantial Equivalent ....................................................................................7

IV. CONCLUSION.......................................................................................................9

## I.   INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rule 37(a) and Federal Rules of Evidence Rule 612, plaintiff City of Dearborn Heights Act of 345 Police and Fire Retirement System ("plaintiff") hereby moves for an order compelling defendant Robert S. Singer ("Singer") to produce a memoranda he prepared in direct response to plaintiff's allegations in this case and which he used to refresh his recollection in preparation for his deposition taken on January 26, 2010.

## II.   SUMMARY OF DISPUTE AND LOCAL RULE 37-2 CONFERENCE

On January 26, 2010, plaintiff deposed Singer. During the examination Singer was asked, "in preparation for your deposition today, did you look at anything to refresh your memory on the conversation you had with Ms. Pak and the person at Abercrombie that you spoke with about the denim?" January 26, 2010 Deposition of Robert Singer ("Singer Depo.") at 252:11-15, excerpts of which are attached as Exhibit A to the Declaration of Matthew I. Alpert in Support of Plaintiff's Motion to Compel Production of Documents from Defendant Robert S. Singer ("Alpert Decl."), filed concurrently herewith. Singer responded:

> *I looked at three kind of information*, I looked at the SEC testimony, as I said before. In October of 2005 I used the – I don't know if you would call them complaints but *what I was able to get off of the Internet* as to what each of the law firms were seeking to sue the company and me about this were saying in their complaints, *and I prepared [the] memoranda for myself to describe how I would respond*, what actually happened compared to what I was reading  that we were being – that was being said that we  had actually done or what had actually occurred. And *I reviewed those documents which* . . . *I prepared for myself when I was no longer working for the company*.

*Id*. at 252:16-253:6.[1] Singer reconfirmed that reviewing the memoranda refreshed his recollection as to the specific "denim issue" to which plaintiff was inquiring. *Id*. at 253:14-18. Upon further

---

[1]   All emphasis is added and citations are omitted unless otherwise noted.

questioning, Singer described the memoranda as typed, approximately 10 pages and located at his New York residence. *Id.* at 254:18-25.

When asked whether the memoranda, or any other document Singer prepared himself, had been produced, Singer's counsel retorted that "[s]ure, they're all a part of the record." *Id.* at 253:22-23; *see also id*. at 252:11-15. However, contrary to Singer's counsel's representations, the memoranda has never been produced.[2]

On January 29, 2010, plaintiff's counsel sent a letter to Singer's counsel requesting that the memoranda be produced pursuant to Rule 612 of the Federal Rules of Evidence. *See* Alpert Decl., Ex. D (letter from Matthew I. Alpert to Stuart Gerson dated January 29, 2010). Singer's counsel responded on February 2, 2010 and declined to produce the memoranda on the grounds that conditions of Rule 612 have not been met. *See* Alpert Decl., Ex. E (letter from Stuart M. Gerson to Matthew I. Alpert dated February 2, 2010) at 1. Singer's counsel also belatedly asserted that the memoranda was protected by the attorney work product privilege. *Id*.; *see also* Alpert Decl., Ex. F (letter from Matthew I. Alpert to Stuart M. Gerson dated February 2, 2010). Given Singer's position and refusal to produce the memoranda, plaintiff submits that in accordance with Fed. R. Civ. P. 26(c)

---

[2] The memoranda should have been produced pursuant to plaintiff's previous document requests propounded to Singer. For example, in Request No. 25 in Plaintiffs' First Request for Production of Documents ("Plaintiffs' 1st RFP"), plaintiff requested:

> From May 1, 2005 through the present, all documents concerning Abercrombie's or any Individual Defendant's failure or refusal to disclose information about Abercrombie's inventories, gross margins, earnings, markdowns of Abercrombie products or promotional activities.

Alpert Decl., Ex. B at 13. Although the memoranda would have been in existence at the time Plaintiffs' 1st RFP was served, the memoranda has not been produced, nor identified on any privilege log. *See* Alpert Decl., Ex. C (Response of Defendant Robert S. Singer to Plaintiffs' First Request for Production of Documents) at 11 (Response to Request No. 25) ("Subject to and without waiving the foregoing specific objection and his general objections, Singer will produce responsive documents, if any, at a mutually-convenient time and place.").

and S.D. Ohio Civ. R. 37-2, it has made its best efforts to meet and confer with defendant Singer to resolve the issues raised in this Motion. For the reasons articulated, *infra*, plaintiff respectfully requests an order compelling Singer to produce the memoranda, and any other documents he prepared and used to refresh his recollection prior to his January 26, 2010 deposition.

**III.    ARGUMENT**

**A.    Rule 612 Requires that Singer Produce Any Documents He Prepared and Used to Refresh His Recollection Prior to His January 26, 2010 Deposition**

Under Rule 612, if a witness uses a writing to refresh his memory before testifying, as Singer did here, the trial court is authorized to compel production of that writing "if the court in its discretion determines it is necessary in the interests of justice." Fed. R. Evid. 612. Rule 612 "is not limited to a writing's use at trial and most courts hold that it is applicable to depositions by operation of Federal Rule of Civil Procedure 30(c)." *Smith & Nephew, Inc. v. Fed. Ins. Co.*, No. 02-2455 B/An, 2005 U.S. Dist. LEXIS 31309, at *11 (W.D. Tenn. Nov. 14, 2005); 4-612 *Weinstein's Federal Evidence* §612.02(5) (same).

Based on Singer's testimony, it is undisputed that he prepared the memoranda himself and used it to "refresh [his] memory for the purpose of testifying" at his deposition. Fed. R. Evid. 612. Furthermore, Singer cannot deny the memoranda's relevance since he admitted that he prepared it in 2005 in direct response to the allegations contained in the class action complaints (including the instant action) filed following the events that occurred during Abercrombie's second quarter 2005. Singer specifically testified that he prepared the memoranda to detail "what actually happened" compared to what the complaints alleged. Singer also admitted that he prepared the memoranda ***after*** he left the Company and for ***his own*** benefit. *See* Alpert Decl., Ex. A (Singer Depo.) at 252:23-253:6 ("***I prepared [the] memoranda for myself to describe how I would respond***, what actually happened compared to what I was reading that we were being – that was being said that we

- 3 -
480380_1

had actually done or what had actually occurred. And *I reviewed those documents which . . . I prepared for myself when I was no longer working for the company*.").

Here, justice requires that the memoranda be produced because there is no other means to obtain information that would be the equivalent. Clearly, the memoranda had an impact on Singer's testimony since he admittedly reviewed it in preparation for his deposition. Under Rule 612, plaintiff has the right to inspect the writing and use the writing as a basis for assessing Singer's memory, credibility and for purposes of cross-examination. 2-VI *Moore's Federal Rules Pamphlet* §612.5(2) ("By giving an adverse party the right to inspect documents used to refresh a witness's recollection, Rule 612 seeks to enhance the trier of fact's ability to assess the witness's credibility"). Accordingly, since justice requires that plaintiff be able to understand how Singer archived his testimonial knowledge and further to test that knowledge, the Court should compel Singer to produce the memoranda.

### B. Singer's Belated Assertion of Attorney Work Product Protection Does Not Shield the Memoranda from Discovery

Singer wrongly claims that the memoranda is protected by the attorney work product privilege. Singer's reliance on this privilege is misplaced for several reasons.

First, Singer admitted that he created the memoranda of his own volition; not at the request of his attorney. Singer testified that in October 2005, after various lawsuits were filed, he looked at the complaints on the Internet and prepared the memoranda for himself to memorialize "what actually happened" as compared to what was being alleged. Alpert Decl., Ex. A (Singer Depo.) at 253:2-7. Thus, any claim of attorney-client or work product privilege is defeated by Singer's own testimony.

Second, even if there was a colorable privilege claim, Singer waived any alleged privilege when he detailed the substance of the memoranda in his deposition without any objection from his counsel or any attempt to strike his testimony on the subject. *Reitz v. City of Mt. Juliet*, No. 3:08-cv-0728, 2010 U.S. Dist. LEXIS 509, at *7 (M.D. Tenn. Jan. 5, 2010) ("The client may waive either the

attorney-client privilege or work-product protection 'by conduct which implies a waiver of the privilege or a consent to disclosure.'") (citing *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294, 305 n.24 (6th Cir. 2002)); *see also North Am. Rescue Prods. v. Bound Tree Med., LLC*, No. 2:08-cv-101, 2009 U.S. Dist. LEXIS 118316, at *25-*26 (S.D. Ohio Nov. 19, 2009) (Kemp, J.) ("While disclosure to a third party does not automatically result in subject matter waiver of the work product privilege, the Court finds that NARP's conduct with respect the privilege has been inconsistent with its assertion of the privilege.").

Third, Singer's counsel's belated claim that Singer prepared the memoranda "under the guidance of counsel" as part of his "pre-deposition preparation" is belied by the following facts: (i) at no time did Singer state in his deposition, even though he had ample chance to do so, that he prepared the memoranda under the conditions claimed by his counsel; and (ii) Singer clearly delineated between what he reviewed at his own behest and what he did as a result of conversations with his counsel.[3] When confronted with a conflict between Rule 612 and the assertion of the attorney work product privilege, the weight of authority holds that the privilege is waived. *Ehrlich v. Howe*, 848 F. Supp. 482, 493 (S.D.N.Y. 1994); *see also Beattie v. CenturyTel, Inc.*, No. 02-10277, 2009 U.S. Dist. LEXIS 113750, at *4 (E.D. Mich. Dec. 7, 2009) (citing *Ehrlich*, the court stated that

---

[3] When Singer was about to describe what he discussed with his counsel the week prior to testifying at his January 26th deposition, his counsel interrupted, stating that "[a]gain we don't talk about those conversations." Alpert Decl., Ex. A (Singer Depo.) at 253:8-9. Moreover, Singer explained that the material sent to him by his attorney to review for his January 26, 2010 deposition encompassed various deposition transcripts of testimony given in front of the Securities and Exchange Commission ("SEC") regarding an investigation into Abercrombie. Even more telling is that all of this testimony sent by his counsel post-dated his drafting of the October 2005 memoranda in question. *See, e.g.*, *id.* at 252:16-18 ("I looked at three kind[s] of information, I looked at the SEC testimony, as I said before."); *id.* at 253:10-13 ("She's asking the three things I did. He had sent me some material, a lot of which you referred to before about people's depositions . . . ."). Thus, it is clear that Singer unequivocally distinguished between materials he reviewed at his own behest, and that which he reviewed pursuant to advice from his counsel.

"[i]t has been recognized that if a witness uses a document to refresh recollection, the existence of a privilege will not protect against the disclosure required under Federal Rule of Evidence 612"). As one court within this circuit articulated:

> [A]n analysis under F.R.Ev. 612 is similar to that made under F.R.Civ.P. 26(b)(3). That is, if materials qualify as work product, they are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." F.R.Civ.P. 26(b)(3). When, however, a witness has used such materials to refresh his recollection prior to testifying, ***F.R.Ev.612 weights the balance in favor of finding that the 'substantial need' exists, because of the policy in favor of effective cross-examination***. The balancing process under both rules dovetails, however.

*In re Comair Air Disaster Litigation*, 100 F.R.D. 350, 353 (E.D. Ky. 1983); *see also Heron Interact, Inc. v. Guidelines, Inc.*, 244 F.R.D. 75, 78 (D. Mass. 2007) (granting a party's motion to compel, the court found that "[a]fter all, it is not attorney's summaries which are at issue, but the notations of the Rule 30(b)(6) deponent himself").

Lastly, there is no evidence that Singer's self-prepared memoranda contains the mental impressions of his counsel. The only "mental impression," if at all, seems to be Singer's counsel's belated, and extremely vague, assertion that this memoranda was written by Singer "under the guidance of counsel." Alpert Decl., Ex. D at 1. Thus, as is plainly evident, the "minimal exposure of the attorney's mental process that would occur in this case . . . does not justify withholding information which [was] essential to plaintiffs' effective examination of the witness." *In re Atl. Fin. Mgmt. Sec. Litig.*, 121 F.R.D. 141, 143-44 (D. Mass. 1988); *see also Redvanly v. Nynex Corp.*, 152 F.R.D. 460, 470 (S.D.N.Y. 1993) ("'it is disquieting to posit that a party's lawyer may "aid" a witness with items of work product and then prevent totally the access that might reveal and counteract the effects of such assistance . . . with the anticipation that these efforts should remain forever unknowable and undiscoverable'"). Here, the fact remains that Singer created the document himself, it directly relates to the central issues underlying this litigation and is a document that

- 6 -
480380_1

plaintiff has no other means of obtaining. Accordingly, plaintiff has amply demonstrated a substantial need for the document. *See Napolitano v. Omaha Airport Auth.*, No. 8:08CV299, 2009 U.S. Dist. LEXIS 50586, at *11 (D. Neb. June 15, 2009) ("Notably, Napolitano has not given any indication that any of the requested documents contain legal strategy or the mental impressions of his counsel. Instead, the record demonstrates that these documents contain a detailed personal account of Napolitano's factual recollection of the events that allegedly led to his termination – the central issue of the case.").

  **C.**  **As a Self-Prepared Admission by a Party-Opponent, Plaintiff Has a Substantial Need for This Document Because It Directly Relates to the Pending Litigation and There Is No Other Means to Obtain a Substantial Equivalent**

Singer's self-prepared memoranda is an admission of a party opponent and admissible as evidence in this case.[4] Because only one known copy exists (at Singer's New York residence, *see* Alpert Decl., Ex. A (Singer Depo.) at 254:24-25), and because it is potentially crucial to plaintiff's

---

[4] Under Rule 801(d)(2) of the Federal Rules of Evidence

> a statement can be characterized as an admission of a party-opponent, and as such, non-hearsay, when: "The statement is offered against a party and is . . . (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship."

*Shanklin v. Norfolk S. Ry. Co.*, 369 F.3d 978, 990 (6th Cir. 2004) (quoting Fed. R. Evid. 801(d)(C)-(D)). Singer's memoranda is also admissible under other hearsay exceptions. Under Rule 803(5), an out-of-court document is admissible to prove the truth of the matter asserted if it is offered by an adverse party and concerns "a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly." Fed. R. Evid. 803(5). Singer's memoranda could also qualify as a "statement against interest" because it could be "so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed. R. Evid. 804(b)(3).

claims and potential impeachment of Singer's deposition and trial testimony, plaintiff has a substantial need for this document.

Rule 26(b)(3) states that even if materials are "'prepared in anticipation of litigation or for trial,'" a party can obtain discovery of the contested documents if it demonstrates that it has a "substantial need" for them and that it "'is unable without undue hardship to obtain the substantial equivalent of the materials by other means.'" *Reg'l Airport Auth. v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006) (quoting Fed. R. Civ. Pro. 26(b)(3)). Here, not only is there a substantial need for the memoranda created by Singer himself, but it is undisputed that plaintiff will not be able to obtain a "substantial equivalent" by any other means.

As Singer admitted in his deposition testimony, he created this memoranda in October 2005 as a result of reviewing the allegations made against him and the other defendants after numerous lawsuits were filed. Alpert Decl., Ex. A (Singer Depo.) at 252:16-253:16. He further admitted that he reviewed the memoranda prior to his January 26, 2010 testimony in this case. *Id.* at 252:11-15. However, several times during his deposition, Singer did not recall matters that relate directly to the issues at the heart of this litigation. For example, when asked whether during the Class Period he discussed projections that Kristen Gonzalez provided him at "Monday Morning Meetings," Singer responded "I don't recall." *Id.* at 87:17-22. When asked whether he discussed "markdowns" at these meetings, Singer testified that he did not "remember the specific content of any of the Monday meetings." *Id.* at 87:23-88:4; *see also id.* at 200:10-20 (in regards to plaintiff's Exhibit 417, does not recall hosting a May 2005 meeting in his office regarding markdowns); *id.* at 236:15-18 (does not recall who was in charge of markdown reserves); *id.* at 329:10-21 (in regards to plaintiff's Exhibit 388, does not recall giving instructions to Kristin Gonzalez about "gathering analysts' estimates to compare to the gross margin projections"). Based on Singer's testimony, plaintiff is entitled to the memoranda to challenge Singer's credibility as a testifying witness. *Fannon v.*

*Johnston*, 88 F. Supp. 2d 753, 759 (E.D. Mich. 2000) ("release of records appropriate where substantial need exists to effectively challenge recollection and credibility of individual who has given inconsistent statements of events and was substance abuser at the time of the issues in question").

Furthermore, because this document was prepared by Singer himself in October 2005, contains his own thoughts and notes as to the pending securities fraud claims alleged against him and the other defendants, and because there has been no testimony that any other party through which plaintiff can seek discovery also possesses this document, Singer cannot credibly claim that this memoranda can be obtained through other means. Moreover, because this document should have been produced pursuant to Plaintiffs' 1st RFP, *see* n.2, *supra*, plaintiff amply demonstrates that it has exhausted other avenues of discovery prior to filing this Motion.

## IV. CONCLUSION

For the reasons stated herein, plaintiff respectfully requests an order compelling Singer to produce the memoranda he prepared in October of 2005, along with any other documents he prepared and used to refresh his recollection prior to his January 26, 2010 deposition in the instant matter.

DATED: February 9, 2010　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　　　　RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　　　　　ARTHUR C. LEAHY
　　　　　　　　　　　　　　　　　　　　　ANNE L. BOX
　　　　　　　　　　　　　　　　　　　　　LAURIE L. LARGENT
　　　　　　　　　　　　　　　　　　　　　MICHAEL F. GHOZLAND
　　　　　　　　　　　　　　　　　　　　　MATTHEW I. ALPERT


　　　　　　　　　　　　　　　　　　　　　　　s/ MATTHEW I. ALPERT
　　　　　　　　　　　　　　　　　　　　　　　MATTHEW I. ALPERT

655 West Broadway, Suite 1900
San Diego, CA 92101-4297
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

MURRAY MURPHY MOUL + BASIL LLP
GEOFFREY J. MOUL (0070663)
BRIAN K. MURPHY (0070654)
1533 Lake Shore Drive
Columbus, OH 43204
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 9, 2010.

<pre>
                          s/ MATTHEW I. ALPERT
                          MATTHEW I. ALPERT

                          COUGHLIN STOIA GELLER
                                 RUDMAN & ROBBINS LLP
                          655 West Broadway, Suite 1900
                          San Diego, CA  92101-3301
                          Telephone:  619/231-1058
                          619/231-7423 (fax)

                          E-mail:  malpert@csgrr.com
</pre>

# Mailing Information for a Case 2:05-cv-00819-EAS -TPK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@csgrr.com

- **Laura M Andracchio**
  lauraa@csgrr.com

- **Anne L Box**
  anneb@csgrr.com

- **Philip Albert Brown**
  pabrown@vssp.com,kyates@vssp.com,csbrandt@vssp.com

- **Alycia N Broz**
  anbroz@vorys.com

- **Rachel E Caplan**
  rcaplan@ebglaw.com

- **Sara E Collier**
  sec@federmanlaw.com

- **David Stewart Cupps**
  dscupps@vssp.com

- **Dana E Deering**
  ddeering@pdfslaw.com,sscalf@pdfslaw.com

- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com,ecf@faruqilaw.com

- **Matthew L Fornshell**
  mfornshell@szd.com

- **Sharon Garb**
  sgarb@skadden.com

- **Stuart Gerson**
  sgerson@ebglaw.com

- **Michael F Ghozland**
  mghozland@csgrr.com,e_file_sd@csgrr.com

- **Jay B Kasner**

jkasner@skadden.com

- **Beth A Keller**
  bkeller@faruqilaw.com

- **Mark Mathew Kitrick**
  mkitrick@kitricklaw.com,deanna@kitricklaw.com

- **John Joseph Kulewicz**
  jjkulewicz@vssp.com

- **Laurie Largent**
  llargent@csgrr.com

- **Arthur C Leahy**
  artl@csgrr.com

- **Albert Grant Lin**
  aglin@vssp.com

- **Katherine G Manghillis**
  kmanghillis@szd.com,prichardson@szd.com,bspencer@szd.com

- **Joseph Andrew Matteo**
  jmatteo@skadden.com

- **Michelle M McCarron**
  MMcCarron@csgrr.com

- **John Cooper McDonald**
  jmcdonald@szd.com,vseckel@szd.com,jdingess@szd.com

- **Ted Minahan**
  tedm@lerachlaw.com

- **Jamie R. Mogil**
  jmogil@faruqilaw.com

- **Geoffrey J Moul**
  moul@mmmb.com,tiffany@mmmb.com,osborn@mmmb.com

- **Brian K Murphy**
  murphy@mmmb.com,tiffany@mmmb.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com

- **William J Pohlman**
  wjpohlman@vssp.com,kyconley@vorys.com,dmstash@vorys.com,csbrandt@vorys.com

- **Jennifer F Sherrill**
  jfs@federmanlaw.com

- **Roger Philip Sugarman**
  rsugarman@keglerbrown.com

- **Michael Roy Szolosi , Sr**
  mrs@mcnamaralaw.us

- **Robert Neal Webner**
  RNWebner@vssp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Gianetti Investor Group
,
```