**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT ROSS, Individually | : | |
| and on Behalf | : | No. 2:05-cv-00819-EAS-TPK |
| of All Others Similarly Situated, | : | (Consolidated) |
| | : | |
| Plaintiff | : | <u>CLASS ACTION</u> |
| v. | : | |
| | : | JUDGE SARGUS |
| ABERCROMBIE & FITCH COMPANY, et al., | : | |
| | : | MAGISTRATE JUDGE KEMP |
| Defendants. | : | |

**DEFENDANT ABERCROMBIE & FITCH CO.'S
OBJECTIONS TO
<u>MAGISTRATE JUDGE KEMP'S OPINION AND ORDER OF JANUARY 28, 2010</u>**

Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Defendant Abercrombie & Fitch Co. ("Abercrombie") objects to the Magistrate Judge's Opinion and Order dated January 28, 2010 (Dock. No. 374) because it compels Abercrombie to produce the Report of the Special Litigation Committee ("SLC Report") and related documents which are protected from disclosure by work product and attorney-client privilege.  Abercrombie submits that the Opinion and Order is clearly erroneous and contrary to law.  In a contemporaneous filing, Abercrombie further requests a stay of the Magistrate Judge's Opinion and Order.  A memorandum in support is attached.

s/ Philip A. Brown
Philip A. Brown, Trial Attorney (0005712)
John J. Kulewicz (0008376)
Robert N. Webner (0029984)
Alycia N. Broz (0070205)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH  43216-1008
Telephone:  (614) 464-6400
Facsimile:   (614) 719-4961
Email:  pabrown@vorys.com
*Counsel for Defendant*
*Abercrombie & Fitch Co.*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      INTRODUCTION**

This Court denied Plaintiff's first motion to compel production of the SLC Report.  It

held that the SLC Report is protected by the attorney-client privilege and the work product

doctrine and that Abercrombie's involuntary disclosure under seal of the SLC Report in

connection with its motion to dismiss the derivative case did not waive those protections.  (<u>See</u>

Dock. No 238, Opinion & Order of 08/08/2008) (affirming Magistrate Judge Kemp's denial of

Motion to Compel, Dock. No. 210.))

Plaintiff renewed its attempt to obtain the SLC Report after this Court dismissed the

derivative case.  Magistrate Judge Kemp now has granted the motion and ordered production of

the SLC Report and related documents (most of which Plaintiff received years ago) on grounds

that the public interest in disclosure at this time outweighs Abercrombie's interest in continuing

to assert the attorney-client privilege and work product protections against disclosure to

adversaries in litigation.  (Dock. No. 374, Opinion & Order of 01/28/10.)  The Opinion and

Order of the Magistrate Judge is clearly erroneous and contrary to law because it misapplies <u>In re</u>

<u>Perrigo Co.</u>, 128 F.3d 430 (6th Cir. 1997) and the fundamental principles of the attorney-client

privilege and work product doctrine.  Abercrombie believes the SLC Report should remain

sealed until after the entry of final judgment in this class action.  (<u>See</u> Dock. No. 360, at 1.)

**II.     ARGUMENT**

**A.      Standard of Review**

Under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), this Court

shall "modify or set aside" any portion of a Magistrate Judge's Order that is "clearly erroneous

or contrary to law."  The "clearly erroneous" standard applies to factual findings, and legal

conclusions are reviewed "under the more lenient contrary to law standard." <u>Ferdinandsen v. State of Ohio</u>, 2003 WL 133261, at *1 (S.D. Ohio Jan. 9, 2003).  A Magistrate Judge's decision is clearly erroneous "if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" <u>Hood v. Midwest Savings Bank</u>, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001).  A Magistrate Judge's ruling is contrary to law "if the magistrate has 'misinterpreted or misapplied applicable law . . . .'" <u>Id.</u>  The District Court may "conduct an independent review of a magistrate judge's purely legal determinations," <u>id.</u>, and "'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" <u>Ferdinandsen</u>, 2003 WL 133261, at *1.

**B.**     <u>**Perrigo**</u> **Provides for Preservation of the SLC Report's Privilege and Protection.**

Abercrombie consistently has asserted the attorney-client privilege and work product protection against disclosure of the SLC Report including the specifically selected documents cited by the Report from within the broad document production which has been provided to this Plaintiff.  Pursuant to the principles of <u>Perrigo</u>, Abercrombie filed the Report and related documents with this Court under seal in connection with its <u>Zapata</u> motion.  (<u>See</u> Dock. No. 120, Motion to Dismiss of 09/11/07; Dock. No. 287, Reply in Support of Motion to Dismiss.)  <u>Perrigo</u> permits preservation of the privileged and protected nature of a SLC Report from disclosure to a shareholder class action plaintiff.  <u>Id.</u> at 438 (granting a writ of mandamus preventing the district court from giving a copy of the privileged and/or protected SLC Report to the class action securities plaintiffs).  Here, it has been held that Abercrombie did not waive attorney-client and work product protection by virtue of filing the <u>Zapata</u> motion and following <u>Perrigo</u> procedures. The question now is whether the shareholder class action plaintiff can invoke principles of the

public right to know to obtain an advantage in this litigation by trumping the attorney-client privilege and work product protection.

### C.      The Opinion and Order Relies Upon Clearly Erroneous Analysis

Perrigo prohibits a SLC Report that is protected from disclosure under work product and attorney-client principles from becoming a part of the public record until the district court has "adequately weighed the interests of the public against the interests of [the company] in maintaining its privilege as to all or part of the Report." Id. at 440.  In weighing the interests, Perrigo recognizes a "presumption in favor of preserving the privilege." Id. at 440 (quoting Howe v. Detroit Free Press, Inc., 440 Mich 203, 487 N.W. 2d 374, 383 (1992)).  Furthermore, Perrigo recognizes that class action plaintiffs are hostile to the corporation which holds the attorney client privilege and work product protection. Perrigo, 128 F.3d at 440.

### 1.      The Report Constitutes Work Product

The Opinion and Order fails to reflect the significance of the SLC Report to Abercrombie in this class action litigation.  Due to the overlap of the allegations in the derivative litigation with the allegations in this shareholder case, the SLC thoroughly and objectively examined all the key facts and events in this case.  Abercrombie accurately stated:  "The Report contains the legal analysis of counsel – the synthesis of facts and the application of those facts to case law." (Dock. No. 360, at 3.)  The resulting report is a classic example of attorney work product and attorney-client communications which are being currently used in identifying the defenses asserted and discovery strategy in this case and will be used to draft the eventual summary judgment motions and prepare trial strategy if necessary.  The significance in the SLC Report of the facts recited, the documents from within the broad production that are specifically identified, the case law that is cited, and the analysis that is included, is actually illustrated by the

observation of the Magistrate Judge in sustaining the claim of work product and attorney client protection:  "It would certainly be easier for a party to obtain copies of the opposing party's work product in order to get a head start on understanding the defenses that will be raised."  (Dock No. 210, Opinion & Order of 04/22/2008, at 10); see also Upjohn Co. v. United States, 449 U.S. 383, 396 (1981) (finding work product protection prevents "a learned profession to perform its functions . . . on wits borrowed from the adversary"); Coleman v. Bradhaw, 2007 WL 1731224 (S.D. Ohio 2007) (general discussion of the purpose of both attorney-client privilege and work product doctrine); Parry v. Highlight Indus., Inc., 125 F.R.D. 449, 452 (W.D. Mich. 1989) (attorney work product is "accorded almost absolute protection" in part, to "ensur[e] that each side relies on its own wit in preparing their respective cases") (citation omitted).

The conclusion of the Magistrate Judge—that Abercrombie would not be harmed by disclosure because the conclusions of the Report support the positions of Abercrombie in this litigation (Opinion & Order of 1/28/2010, at 9), and because he believes it is extremely unlikely that the Plaintiff will discover new witnesses or new lines of questioning to pursue (id. at 8)—reflects an erroneous analysis of work product.  The test for disclosure of work product is not whether the work product is helpful or not, but whether the party seeking disclosure has shown "a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A)(ii).  Plaintiff has made no such showing here.

### 2.   Plaintiff Failed to Demonstrate Substantial Need

The fact that Abercrombie already has produced to Plaintiff all or substantially all of the underlying documents analyzed in the SLC Report (Opinion & Order of 1/28/2010, at 8), significantly strengthens Abercrombie's claim that the work product of the SLC Report itself,

and the witness interviews conducted by counsel for the Special Litigation Committee, should not be produced.  Because Plaintiff already has received the underlying documents that formed the factual basis for the legal analysis set forth in the SLC Report, Plaintiff cannot show – and indeed has not even attempted to show – that Plaintiff has "substantial need" for the core work product of the SLC Report itself and witness interviews conducted by counsel for the SLC, or that it "cannot, without undue hardship, obtain their substantial equivalent by other means."  To the contrary, the underlying documents allow Plaintiff to perform its own evaluation and legal analysis; it has no real need to see the work product of counsel.  In short, the fact that Abercrombie has made fulsome discovery of the underlying documents is not, as the Opinion and Order suggests, a factor that weighs in favor of further disclosure (id.), but rather is a factor that enhances the need for protection of the undisclosed work product.

> 3.    The Public Interest Does Not Weigh in Favor of Disclosure of the Report to a Hostile Class Plaintiff.

This is an attempt by a private litigant to obtain work product and attorney-client materials in hopes of obtaining a tactical advantage in civil litigation.  The true public interest lies in the "workings of public agencies" and "the operation of government."  Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978).[1]  The legitimate public interest in the functioning of this Court will be served if disclosure occurs after the conclusion of the litigation.

The Magistrate Judge, therefore, erred in the analysis of the public interest.  The observation that there is no chilling effect on utilization of special litigation committees because corporations publicize SLC Reports is contrary to Perrigo, which states that disclosure "may

---

[1]    The citation in the Opinion of the Magistrate Judge to the minority opinion in Gannett Co.  v. DePasquale, 443 U.S. 368, 442 n.17 (1979), concerning the public interest is easily distinguishable because Justice Blackmun's opinion is not only a minority opinion but it also arises in the context of a criminal proceeding, not litigation involving a public company which makes regular disclosures concerning its affairs.  See Perrigo, 128 F.3d at 440.

have the effect of thwarting the developing procedure of corporations to employ independent

outside counsel to investigate and advise them in order to protect stockholders, potential

stockholders and customers."  128 F.3d at 441 (internal citation omitted).  The corporation has a

fundamental right to decide whether to assert or waive attorney client and work product

protection.  Perrigo creates procedures which allow use of SLC Reports so that attorney client

and work product protection are not waived unless and until the corporation decides to do so.

        None of the three cases cited in the Opinion and Order on page 10, in which the SLC

reports were not sealed, involved any assertion of protection from disclosure.  The corporations

in those cases simply did not assert privilege or protection from disclosure and those SLC reports

may never have constituted attorney-client or work product documents.

        The Opinion and Order also did not give due recognition to what Perrigo said about the

special context of public information in the case of public companies such as Abercrombie which

regularly file detailed information with the Securities and Exchange Commission.  The Perrigo

court noted:

> The public . . . already has full access to security information, financial data, and
> stock information of Perrigo, as well as a wealth of information about officers and
> directors.  We see no need at this stage, therefore, in the interest of "fairness," to
> give confidential Report information to plaintiffs in a hostile securities action (a
> part of the public domain).

Id. at 440.

        The Perrigo court warned of the adverse consequences that would flow from failure to

recognize the privilege and immunity:  "in order to perform a meaningful investigation,

particularly in large corporations, consultations with counsel and exchanging of documents

would be commonplace," the court observed.  Id. at 439.  "Requiring public disclosure in this

and similar derivative suits would cause future disinterested independent directors . . . reviewing

whether a derivative litigation is in the corporate interest not to produce extensive written

materials."  The court foresaw that "Michigan would surely not wish to discourage disinterested independent directors from working candidly with counsel in discharging their duties under the statute."  Id.  But the court noted, a "finding that would force Perrigo to waive all of its rights with respect to the privileged material would have such an effect."  Id.  This Court should follow Perrigo, not the doubts expressed by the Magistrate Judge on page 10 of the Opinion and Order.

## III.    CONCLUSION

For the foregoing reasons, Abercrombie & Fitch Co. asks this Court to overrule the Opinion and Order of the Magistrate Judge and rule that the SLC Report and underlying documents not be disclosed to the shareholder plaintiff until the close of this proceeding.

Respectfully submitted,

  s/  Philip A. Brown
Philip A. Brown, Trial Attorney (0005712)
John J. Kulewicz (0008376)
Robert N. Webner (0029984)
Alycia N. Broz (0070205)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH  43216-1008
Telephone:  (614) 464-6400
Facsimile:   (614) 719-4961
Email:  pabrown@vorys.com
Email:  jjkulewicz@vorys.com
Email:  rnwebner@vorys.com
Email:  anbroz@vorys.com

*Counsel for Defendant*
*Abercrombie & Fitch Co.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 11, 2010, the foregoing was filed

electronically with the Clerk of Court using the CM/ECF system, which will send notice of such

filing to all of the parties of record.

s/ Alycia N. Broz
Alycia N. Broz   (0070205)

7695500 V.4