IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ROSS, Individually | : | |
| and on Behalf | : | No. 2:05-cv-00819-EAS-TPK |
| of All Others Similarly Situated, | : | (Consolidated) |
| | : | |
| Plaintiff | : | CLASS ACTION |
| v. | : | |
| | : | JUDGE SARGUS |
| ABERCROMBIE & FITCH COMPANY, et al., | : | |
| | : | MAGISTRATE JUDGE KEMP |
| Defendants. | : | |
| | : | |

**DEFENDANT ABERCROMBIE & FITCH CO.'S
MOTION TO STAY
THE OPINION AND ORDER OF JANUARY 28, 2010**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.3, Defendant Abercrombie & Fitch Co. ("Abercrombie" or "Company") moves to stay the Opinion and Order entered on January 28, 2010 (Dock. No. 374) pending the District Court's resolution of Abercrombie's objections to the same. A memorandum in support is attached.

<pre>
                              s/ Philip A. Brown
                              Philip A. Brown, Trial Attorney (0005712)
                              John J. Kulewicz (0008376)
                              Robert N. Webner (0029984)
                              Alycia N. Broz (0070205)
                              Vorys, Sater, Seymour and Pease LLP
                              52 East Gay Street, P.O. Box 1008
                              Columbus, OH  43216-1008
                              Telephone:  (614) 464-6400
                              Facsimile:   (614) 719-4961
                              Email:  pabrown@vorys.com


                              Counsel for Defendant
                              Abercrombie & Fitch Co.
</pre>

## MEMORANDUM IN SUPPORT

### A.  Introduction

On April 22, 2008, Magistrate Judge Kemp denied Plaintiff's motion to compel production of the Special Litigation Committee ("SLC") Report. (Dock. No. 210.) After considering Plaintiff's objections, on August 8, 2008, Judge Sargus affirmed, ruling that the Report was protected by the attorney-client privilege and work-product immunity. (Dock. No. 238, at 3.) Judge Sargus further held that Abercrombie's "reliance on the SLC report in support of its motion to dismiss the derivative action did not constitute waiver of the applicable privileges." (Id.) No subsequent opinions have altered that holding—Abercrombie's privilege and protection remain intact.

Following dismissal of the consolidated derivative action (Dock. No. 311), Plaintiff renewed its motion to compel production of the SLC Report and related documents. (Dock. No. 337.) This time, on January 28, 2010, Magistrate Judge Kemp issued an Opinion and Order granting Plaintiff's motion. (Dock. No. 374.)

Abercrombie has filed contemporaneously objections to Magistrate Judge Kemp's January 28, 2010 Opinion and Order. See Fed. R. Civ. P. 72(a). While Abercrombie's objections are being considered by Judge Sargus, Abercrombie requests that Magistrate Judge Kemp's January 28, 2010 Opinion and Order be stayed and that Abercrombie not be required to produce the SLC Report and underlying documents to Plaintiff. See Local Rule 72.3.

### B.  Argument

This Court should stay the Opinion and Order of January 28, 2010 pending Judge Sargus's ruling on Abercrombie's objections to the same. See Local Rule 72.3 (providing that "[w]hen an objection if filed to a Magistrate Judge's ruling on a non-case dispositive motion, the

ruling remains in full force and effect unless and until it is stayed . . . "). Unless stayed, the Opinion and Order will require Abercrombie to disclose the SLC Report, which remains protected by the attorney-client privilege and work product immunity.

The harm arising out of Abercrombie's forced disclosure of privilege and/or protected information cannot be undone. The Sixth Circuit held this precisely, finding that, "[i]f the District Court's discovery order is in error and [the petitioner's] counsel is wrongly forced to disclose privileged communications, there is no way to cure the harm done to [the petitioner] or the privilege itself . . . ." In re Lott, 424 F.3d 446, 451 (6th Cir. 2005) (finding "[t]he damage to the attorney-client relationship will have already been done by the disclosure itself . . ."). The court added that appeal of such a ruling post-disclosure presents an inadequate remedy. Id.

Indeed, in his Opinion, Magistrate Judge Kemp recognized the need to stay disclosure of the SLC report and underlying documents pending the filing of Abercrombie's objections and a motion to stay. Specifically, the Magistrate wrote, "the Court also recognizes that once the report is unsealed and viewed by plaintiffs and the public, and the underlying documents are produced in discovery, any order re-sealing them because this order was issued in error would be a futile act." (Dock. No. 374, at 12) (emphasis added). Likewise, unsealing the Report and related documents while Judge Sargus considers Abercrombie's objections – and then re-sealing them should Judge Sargus rule differently – would be a "futile act." (Id.)

As the Sixth Circuit has recognized, requiring Abercrombie to turn over the SLC Report and the specific collection of underlying documents, while its objections are being considered by Judge Sargus, would cause Abercrombie irreparable harm. Abercrombie therefore requests that this Court issue a stay.

-4-

### C. Conclusion

To preserve its privilege and protection, Abercrombie & Fitch Co. requests that the Court stay the Opinion and Order of January 28, 2010 (Dock. No. 374) while Judge Sargus considers Abercrombie's objections to the same.

Respectfully submitted,

s/ Philip A. Brown
Philip A. Brown, Trial Attorney (0005712)
John J. Kulewicz (0008376)
Robert N. Webner (0029984)
Alycia N. Broz (0070205)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH  43216-1008
Telephone:  (614) 464-6400
Facsimile:    (614) 719-4961
Email:  pabrown@vorys.com
Email:  jjkulewicz@vorys.com
Email:  rnwebner@vorys.com
Email:  anbroz@vorys.com

*Counsel for Defendant*
*Abercrombie & Fitch Co.*

### CERTIFICATE OF SERVICE

The undersigned certifies that on February 11, 2010, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all of the parties of record.

s/ Alycia N. Broz
Alycia N. Broz   (0070205)

7687240 V.2