UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ABERCROMBIE & FITCH COMPANY, et al.,<br><br>Defendants. | No. 2:05-cv-00819-EAS-TPK<br>(**Consolidated**)<br><br>CLASS ACTION<br><br>JUDGE EDMUND SARGUS, JR.<br>MAGISTRATE JUDGE TERENCE KEMP |

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
ABERCROMBIE & FITCH CO.'S OBJECTIONS TO MAGISTRATE JUDGE KEMP'S
OPINION AND ORDER OF JANUARY 28, 2010

506640_1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND .....................................................................................................2

III. ARGUMENT...........................................................................................................5

    A. Standard ......................................................................................................5

    B. *Perrigo* Does Not Bar Production of the SLC Report and Its Underlying Documents ....................................................................................................6

    C. The Public Has a Right of Access to the SLC Report and the Accompanying Documents ...........................................................................7

    D. The Underlying Documents Should be Produced with the SLC Report ................11

    E. Lead Plaintiff Is Not Required to Show a "Substantial Need" for the Underlying Documents .............................................................................12

IV. CONCLUSION......................................................................................................12

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashworth v. Bagley*,
    351 F. Supp. 2d 786 (S.D. Ohio 2005) ...........................................................................10

*Balalovski v. Lucent Techns., Inc.*,
    No. 2:00-cv-189, 2003 U.S. Dist. LEXIS 7296 (S.D. Ohio Apr. 10, 2003) ........................5

*Duggan v. Vill. of New Albany*,
    No. C2-08-814, 2009 U.S. Dist. LEXIS 117206 (S.D. Ohio Dec. 15, 2009) ............5, 9, 10

*EEOC v. National Children's Ctr.*,
    98 F.3d 1406 (D.C. Cir. 1996) ..........................................................................................10

*In re Air Crash at Lexington*,
    No. 5:06-CV-316, 2009 U.S. Dist. LEXIS 65974 (E.D. Ky. June 16, 2009) ......................8

*In re Perrigo Co.*,
    128 F.3d 430 (6th Cir. 1997) ..................................................................................... *passim*

*Joy v. North*,
    692 F.2d 880 (2d Cir. 1982) ............................................................................................7, 8

*Novelis Corp. v. Anheuser-Busch, Inc.*,
    No. 1:06cv2257, 2007 WL 2115240 (N.D. Ohio July 20, 2007) ........................................5

*Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-0819, 2008 U.S. Dist. LEXIS 24466
    (S.D. Ohio Mar. 14, 2008) ................................................................................................11

*Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-0819, 2008 U.S. Dist. LEXIS 33018
    (S.D. Ohio Apr. 22, 2008) ...................................................................................................4

*Ross v. Abercrombie & Fitch Co.*,
    No. 05-cv-0819, 2008 U.S. Dist. LEXIS 90007 (S.D. Ohio Aug. 8, 2008) ...................4, 5

*Ross v. Abercrombie & Fitch Co.*,
    No. 2:05-cv-0819, 2010 U.S. Dist. LEXIS 7206 (S.D. Ohio Jan. 28, 2010) .......1, 4, 11, 12

**STATUTES, RULES AND REGULATIONS**

28 U.S.C.
    §636(b)(1)(A) ......................................................................................................................5

Fed. R. Civ. P.
    72(a) ....................................................................................................................................5

I.  **INTRODUCTION**

City of Dearborn Heights Act of 345 Police and Fire Retirement System ("Lead Plaintiff") respectfully submits this memorandum of law in opposition to Defendant Abercrombie & Fitch Co.'s ("defendant" or "Abercrombie") Objections to Magistrate Judge Kemp's Opinion and Order of January 28, 2010 and supporting memorandum ("Objections") (Docket #384). At bottom, defendant's Objections reflect nothing more than their disagreement with Magistrate Judge Kemp's reasoned conclusion in his Opinion and Order of January 28, 2010 (Docket #374) ("Order") that Abercrombie's Special Litigation Report ("SLC Report" or "Report") and underlying documents should be unsealed to ensure the continued tradition of public access to court records and its decision making process. *See* Order *reported at Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-0819, 2010 U.S. Dist. LEXIS 7206 (S.D. Ohio Jan. 28, 2010).

Abercrombie has wholly failed to carry its burden of showing that Magistrate Judge Kemp's Order is "clearly erroneous or contrary to law." The Magistrate Judge correctly found that Abercrombie's claim that prejudice would ensue from public disclosure of the SLC Report did not outweigh the public's right of access, which is the rule rather than the exception. Order at 6-12. Specifically, the Magistrate Judge correctly found that Abercrombie, as the party opposing public access, bears the burden of demonstrating "specific prejudice." *Id*. at 7-8. Abercrombie however failed to meet its burden because it alleged only generic claims of prejudice, not specific claims. *Id*. at 6-9. Abercrombie did not identify any specific portion of the SLC Report or any of the underlying documents, that if disclosed to the public, would result in "specific prejudice" to it. *Id*. at 8-9.

Abercrombie's new claim that the SLC Report will "be used to draft the eventual summary judgment motions and prepare trial strategy if necessary" is nothing more than a general claim of prejudice. Objections at 3. Moreover, such a claim is wholly contrary to the stated purpose of the SLC Report – an objective inquiry by independent members of Abercrombie's Board of Directors

into whether Abercrombie should pursue an action against the defendants named in the derivative action – not, as Abercrombie now claims, to lay the foundation of Abercrombie's discovery strategy and defenses in this action. *Id.* at 3.

The Magistrate Judge also rejected Abercrombie's argument that disclosure of the SLC Report will have a chilling effect on the use of special litigation committees in the future for fear that its report will be publicly disclosed. Magistrate Judge Kemp correctly identified cases in which a special litigation committee report was disclosed to the public, even when a private securities litigation was also pending. *See* Order at 10. Finally, the Magistrate Judge correctly concluded that fairness dictates that the underlying documents be produced along with the Report since the SLC Report was employed by Abercrombie in the derivative litigation for Abercrombie's own purposes in obtaining a dismissal of the derivative action. *Id.* at 11.

Abercrombie's Objections do nothing more then rehash arguments that have been thoroughly considered by Magistrate Judge Kemp. Abercrombie has failed to show that any portion of the Magistrate's Order is clearly erroneous or contrary to law, which would amount to an abuse of discretion. Therefore, their Objections should be overruled and the Order upheld.

**II.     BACKGROUND**

In December 2005, a shareholder derivative action on behalf of Abercrombie ("Derivative Action") was filed against Michael Jeffries, Robert Singer, and nine Abercrombie directors, alleging that they harmed Abercrombie by making false or misleading public statements and by selling shares of Abercrombie common stock while in possession of material non-public information. *See* Verified Consolidated Shareholder Derivative Complaint for Breach of Fiduciary Duty, Misappropriation of Information, Abuse of Control, Gross Mismanagement, Waste of Corporate Assets and Unjust Enrichment (Docket #60).

Shortly after the Derivative Action was filed, Abercrombie's Board of Directors formed a Special Litigation Committee ("SLC") and charged it to investigate the derivative plaintiffs' claims – not the claims of the class action plaintiffs. ***The sole purpose of the SLC was to "investigate the allegations [made by the derivative plaintiffs] and determine whether the corporation should prosecute the case or seek dismissal on the ground that the litigation is detrimental to the corporation's best interest***." *See* Defendant Abercrombie & Fitch Co.'s Memorandum in Opposition to Plaintiff's Motion to Compel Special Litigation Committee Report and Related Documents (Docket #165) at 3.[1] On February 16, 2007, Abercrombie issued a press release reporting that "[t]he special litigation committee has concluded that there is no evidence to support the asserted claims, has determined it would not be in the best interest of the Company to pursue those claims and has directed the Company to seek dismissal of the derivative actions." *See* Notice of Issuance of Special Litigation Committee Report and Decision (Docket # 89), Ex. A. According to Abercrombie, ***the SLC Report details the results of the SLC's investigation and its findings with respect to the merits of the claims asserted in the derivative lawsuit***. Docket #165 at 3; *see also* Response to Plaintiff's Notice of Recent Authority by Defendant Abercrombie & Fitch Co. (Docket #188) at 2. Abercrombie also disclosed in the release that the SLC conducted more than 50 interviews and reviewed more than 100,000 pages of documents. *Id.*

The SLC Report was the subject of plaintiff's prior motion to compel, filed on November 13, 2007 (Docket #156). The primary issue before the Court then was whether Abercrombie's disclosure of the Report and related materials to the Court and the derivative plaintiffs in the context of its motion to dismiss the Derivative Action waived the attorney-client privilege or work product protection. Magistrate Judge Kemp, relying on *Perrigo*, found Abercrombie's disclosure of the SLC

---

[1]  Unless otherwise noted, all emphasis is added and citations are omitted.

Report to be involuntary, therefore the work product protection and attorney-client privilege were not waived. *Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-0819, 2008 U.S. Dist. LEXIS 33018, at *16 (S.D. Ohio Apr. 22, 2008), *adopted and affirmed by Ross v. Abercrombie & Fitch Co.*, No. 05-cv-0819, 2008 U.S. Dist. LEXIS 90007 (S.D. Ohio Aug. 8, 2008). However, the Court did acknowledge there may come a time when the SLC Report must be made public because it formed the basis for an adjudication. Order at 3; *Abercrombie*, 2008 U.S. Dist. LEXIS 33018, at *17.

On March 12, 2009, the Court in an opinion filed under seal, terminated the Derivative Action based on the SLC Report and accompanying documents. Opinion and Order (Docket #311) at 19 ("Derivative Order"). The Court provided defendants 14 days to advise the Court of any grounds to keep the Derivative Order, or any portions of it, under seal. *Id*. On March 25, 2009, counsel for the defendants submitted a letter to the Court affirmatively stating that "none of the defendants believe that *any redaction* need be made in this Court's Opinion and Order." Docket #323.

On August 18, 2009, Lead Plaintiff filed a second Motion to Compel Defendant Abercrombie & Fitch Company's Special Litigation Committee Report and Related Documents ("motion to compel") (Docket #337) based on the adjudication of the Derivative Action. The issue was fully briefed by both sides. *See* Docket #s 337, 342, 344, 345, 348, 352. On November 16, 2009, the Magistrate Judge, following the procedure mandated by *Perrigo*, set a hearing for December 11, 2009. Docket #354. At a pre-hearing conference on December 7, 2009, both parties agreed that Lead Plaintiff's motion to compel raised issues that could be resolved by written submissions in lieu of a *Perrigo* hearing. Subsequently, on December 9, 2009, Abercrombie filed its Brief Regarding *Perrigo* Factors (Docket #360), and Lead Plaintiff responded on December 15, 2009 (Docket #362).

On January 28, 2010, Magistrate Judge Kemp granted Lead Plaintiff's motion to compel in its entirety after carefully balancing the public's interest of open access to judicial records against any potential harm to Abercrombie. Order at 7-12.

## III. ARGUMENT

### A. Standard

This Court can modify or set aside any portion of a Magistrate's Order *only* if it is clearly erroneous or contrary to law. Federal Rule of Civil Procedure 72(a) and 28 U.S.C. §636(b)(1)(A); *Abercrombie*, 2008 U.S. Dist. LEXIS 90007, at *4. Furthermore, "[t]he clearly erroneous standard 'mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. In the absence of clear error, the magistrate's order must stand.'" *Id.* (citing *Balalovski v. Lucent Techns., Inc.*, No. 2:00-cv-189, 2003 U.S. Dist. LEXIS 7296, at *11 (S.D. Ohio Apr. 10, 2003)). The party objecting to a magistrate opinion bears the burden of proof. *Duggan v. Vill. of New Albany*, No. C2-08-814, 2009 U.S. Dist. LEXIS 117206, at *4 (S.D. Ohio Dec. 15, 2009). When deciding whether the Magistrate Judge's decision is contrary to law, the district court should use an abuse of discretion standard. *Novelis Corp. v. Anheuser-Busch, Inc.*, No. 1:06cv2257, 2007 WL 2115240, at *20 (N.D. Ohio July 20, 2007).

Abercrombie contends that Magistrate Judge Kemp's order is "clearly erroneous and contrary to law," because the Magistrate Judge "misapplie[d] *In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997) and the fundamental principles of the attorney-client privilege and work product doctrine." Objections at 1. As explained in full herein, Abercrombie's Objections are nothing more than a rehashing of the arguments that the Magistrate Judge rejected in a thorough and well-reasoned opinion.

506640_1

The Magistrate Judge properly found that *Perrigo* allowed for a hearing following the dismissal of the derivative plaintiffs' complaint to determine how much, if any, of the Report should be made public. In determining whether the SLC Report should be made public, the Court is required to weigh the public's interest in disclosure against any prejudice and damage that may result to Abercrombie from disclosure of the SLC Report. Order at 4-5. Following the dictates of *Perrigo*, the Magistrate Judge carefully weighed the public's interest of disclosure against Abercrombie's interest of non-disclosure and correctly held that because Abercrombie did not "identif[y] any specific portion of the report which would be particularly prejudicial to its defense of the securities cases if disclosed," and that any purported harm was not "of sufficient weight to overcome the public interest in disclosure." Order at 9. In so finding, the Magistrate Judge properly applied *Perrigo*. The Magistrate Judge's Order should be adopted.

### B. *Perrigo* Does Not Bar Production of the SLC Report and Its Underlying Documents

Relying on a misreading of *Perrigo*, Abercrombie incorrectly argues that *Perrigo* requires the Court to shield the SLC Report and its accompanying documents from discovery during the pendency of this litigation. Objections at 2-3. *Perrigo* however, does not unequivocally hold that the SLC Report is protected from disclosure to a shareholder class action plaintiff, but rather holds that a special litigation committee report is not subject to automatic public disclosure simply because a defendant files such a report in connection with a motion to dismiss a shareholder derivative suit. *In re Perrigo Co.*, 128 F.3d 430, 441 (6th Cir. 1997). According to *Perrigo*, once such a report forms the basis of a court's decision to dismiss a derivative claim, like it did here, a court should "conduct a hearing regarding whether the [r]eport or parts thereof should be disclosed to the public, or whether that information should remained sealed." *Id*. at 440. Abercrombie concedes as much. Objections at 3.

In this case, Magistrate Judge Kemp weighed the interests of public disclosure against any potential harm to Abercrombie. Except in lieu of a hearing, each party filed briefs in support of their position and Magistrate Judge Kemp conducted the extensive inquiry the *Perrigo* court envisioned and weighed the competing interests in reaching his decision. *See, e.g.*, Order at 7-12 (identifying Abercrombie's interest in non-disclosure and the public's interest in disclosure). Thus, because the Magistrate Judge thoroughly weighed the competing interests in support of and against public disclosure of the SLC Report and accompanying documents, his ruling satisfies the dictates of *Perrigo*.

### C. The Public Has a Right of Access to the SLC Report and the Accompanying Documents

At issue is whether the public has an interest in public disclosure of the SLC Report now that the Derivative Action, in which Abercrombie used the SLC Report offensively as its basis for dismissal, has now been dismissed. Abercrombie contends that the Magistrate Judge erred in his analysis of weighing the competing interests by not holding that the legitimate public interest will be better served if disclosure occurs after the conclusion of this litigation. Objections at 5. Abercrombie's position merely reflects dissatisfaction with the Magistrate Judge's finding and not clear error.

Here, the Magistrate Judge properly weighed the competing interests. In balancing the public's interest, the Magistrate Judge correctly noted that:

> [T]he general import of [] key cases – particularly *Joy v. North*, *In re Continental Securities Litigation*, and *Perrigo* – is that **disclosure of documents upon which the Court has relied in making a decision is the rule rather than the exception**, and that the primary way in which a party may persuade the Court to deviate from that rule is to show specific prejudice from the disclosure of all or a portion of the materials in question.

Order at 7.

The public's right to court documents then is only outweighed *if* the party opposing disclosure can show "specific prejudice" from such disclosure. *Id.* at 7-8. ***The specific prejudice that must be shown by the party opposing public disclosure must be more than "[g]eneral claims of prejudice which focus on the entirety of the materials submitted under seal***, rather than specific portions of those materials, which if disclosed, would cause harm to some identifiable aspect of the defendant's business." *Id.*[2]

Accordingly, the Magistrate Judge weighed the public's interest of disclosure against Abercrombie's purported prejudice and concluded that the public's interest outweighed any prejudice to Abercrombie. *See* Order at 7-12. In its briefing, Abercrombie failed to identify any specific portion of the SLC Report which would prejudice it. Instead, Abercrombie merely asserted general claims that disclosure of the SLC Report would be a disclosure of attorney work product and attorney-client communications, thus resulting in prejudice. Order at 6-7, 8-10. Based on Abercrombie's briefing, the Magistrate Judge correctly found that "***Abercrombie has not identified any specific portion of the report which would be particularly prejudicial to its defense of the securities cases if disclosed***." *Id.* at 9. Ultimately then, because Abercrombie failed to allege anything more than general prejudice as opposed to specific prejudice, this tipped the scales in support of public disclosure. *Id.* at 8-10. The Magistrate Judge's holding is correct and should be adopted by this Court.

---

[2] *See also In re Air Crash at Lexington*, No. 5:06-CV-316, 2009 U.S. Dist. LEXIS 65974, at *38 (E.D. Ky. June 16, 2009) ("Once again, Comair presents only conclusory, general statements by counsel that it would suffer some harm or that there may be some national security concern. Specificity is totally lacking. '[A] naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.'") (quoting *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

506640_1

In its Objections to the Order, Abercrombie *now* claims that the SLC Report will be used in this action and prejudice would ensue because the Report identifies "defenses asserted and discovery strategy in this case and will be used to draft the eventual summary judgment motions and prepare trial strategy if necessary." Objections at 3. Just as their prior claims of prejudice failed to reach the necessary level of "specific prejudice," Abercrombie's *new* claim that the SLC Report relates to defense strategy in this action also fails to allege anything more then general prejudice.

Besides lacking specificity, Abercrombie's assertion that the SLC Report will be used in this action for defense strategy is contradicted by its previous characterization of the SLC Report:

> The Board of Directors of Abercrombie, a Delaware corporation, created a Special Litigation Committee ("SLC") in October 2005, and ***charged it to investigate the derivative plaintiffs' claims and consider whether the litigation would be in the best interests of the company***.

Docket #165 at 2; *see also* Defendant Abercrombie & Fitch Co.'s Response to Plaintiff's Objections to Magistrate Judge's April 22, 2008 Opinion and Order (Docket #214) at 2.[3]

This Court previously recognized that the SLC Report was not initiated to counter the claims made in this action:

> Defendants Abercrombie's Board of Directors created the SLC in October, 2005 to investigate the derivative plaintiffs' claims, which are separate from the claims of the securities plaintiffs.

Docket #238 at 2; Objections at 5.

Further undermining Abercrombie's argument of prejudice is that Magistrate Judge Kemp actually reviewed the Report itself and found that "its release to the public, including the securities plaintiffs, [would not] harm Abercrombie." *Id.* at 9. Moreover, "even if there might be some

---

[3] Although the Derivative Action arose out of the same facts as the action here, the derivative causes of action are vastly different from the causes of action here and require different levels of proof, both factual and legal.

- 9 -

incidental harm to Abercrombie's ability to defend these actions, ***it is not of sufficient weight to overcome the public interest in disclosure***." Order at 9; *see also Ashworth v. Bagley*, 351 F. Supp. 2d 786, 788 (S.D. Ohio 2005) ("Historically, there has been a presumption of openness and public access to judicial proceedings and documents."); *EEOC v. National Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (stating that "there is a 'need for public access' in those instances where 'the documents at issue [are] . . . specifically referred to in the trial judge's public decision'").

Abercrombie's policy argument that the Magistrate Judge's Order has the potential "chilling effect on utilization of special litigation committees" is also without merit. Objections at 5. The Magistrate Judge doubted "as a practical matter, companies which are the target of both derivative actions and private securities litigation will be dissuaded from convening special litigation committees, and moving to have the derivative actions dismissed, simply because there is a likelihood that the committee's report and accompanying materials will become part of the public record." Order at 10. Further reinforcing this position, the Order cited examples of actions where a special litigation committee report was publicly disclosed. Based on these examples the Magistrate Judge correctly noted that "[i]t appears that many companies in Abercrombie's position have not requested that special litigation committee reports be sealed in the first instance and have simply filed them as part of the court record." *Id.* at 10-11. Outside of mere conjecture, Abercrombie provides no case law or analytical materials supporting its "chilling effect" argument. Moreover, Abercrombie's assertion of factual dissimilarities between the examples relied on by the Magistrate and this case does not amount to a finding of clear error. *See Duggan*, 2009 U.S. Dist. LEXIS 117206, at *4 (refusing to set aside magistrate's order even though it cited to cases that could be somewhat distinguishable from the instant facts).

### D. The Underlying Documents Should be Produced with the SLC Report

Magistrate Judge Kemp correctly found that the documents underlying the SLC Report should be produced together with the Report. Upon reviewing both the Report and related documents, the Magistrate found no reason "to unseal the report [and then] deny the plaintiffs access to the underlying documents." Order at 11.[4] And even if some of these SLC Report-related documents have indeed been produced before, Abercrombie "would not suffer any additional harm if the Court ordered the documents to be produced to these same plaintiffs." Order at 11.

Defendant's argument that its "fulsome discovery of the underlying documents" is a "factor that enhances the need for protection" is nonsensical. Objections at 5. Defendant provides no substantiation of how re-producing these documents together with the SLC Report (so that both can be reviewed in their proper context) strengthens defendant's argument against disclosure. If anything, any argument that a majority of these documents have already been produced only further reinforces the point that Abercrombie did not consider them privileged in the first instance. And any purported burden defendant might claim in being ordered to re-produce these documents has been addressed by the Court:

> The Court presumes that the 100,000 pages of documents to which the report refers, once they were separated out from the larger universe of documents that are potentially relevant to the claims advanced in the litigation, have been maintained in that same segregated fashion and can readily be produced. ***Consequently, there should be little additional burden involved in producing all, rather than some ill-defined subset of, these documents.***

---

[4] *Cf. Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-0819, 2008 U.S. Dist. LEXIS 24466, at *13 (S.D. Ohio Mar. 14, 2008) ("The committee's report in this case highlights the crucial nature of these witness statements, and any argument intended to persuade the Court that the committee erred in relying upon them would have to be based upon their content, making any transcripts, summaries or notes of those interviews clearly discoverable. The same can generally be said about the request to inspect the documents relied upon by the committee in reaching its conclusions on the factual and legal issues before it.").

*Abercrombie*, 2008 U.S. Dist. LEXIS 24466, at *15-*16.

### E. Lead Plaintiff Is Not Required to Show a "Substantial Need" for the Underlying Documents

Abercrombie claims Lead Plaintiff must show a "substantial need" for the documents that accompany the SLC Report while arguing at the same time there is no "substantial need" because documents have already been produced. A plaintiff is not required to show a "substantial need" for a SLC Report's underlying documents once a court has published an opinion, citing and relying upon that Report as a basis for its decision. Magistrate Judge Kemp followed the law of this circuit in considering all the appropriate balancing factors before ordering full public disclosure. *Perrigo*, 128 F.3d at 439; *see also* Order at 9 ("Thus, having performed the balancing required by *Perrigo* to the extent that such balancing can be done on the basis of the parties' written submissions, the Court concludes that disclosure is necessary."). Lead Plaintiff is not required to show a "substantial need" for the SLC Report or the underlying documents.

### IV. CONCLUSION

For all of the above reasons, Abercrombie has failed to carry its burden of showing Magistrate Judge Kemp's Order was clearly erroneous or contrary to relevant case law. Lead Plaintiff respectfully requests the Court uphold Magistrate Kemp's January 28, 2010 opinion and order in its entirety, and order Abercrombie to produce the SLC Report and the related documents.

DATED: March 1, 2010       Respectfully submitted,

                 COUGHLIN STOIA GELLER
                   RUDMAN & ROBBINS LLP
                 ARTHUR C. LEAHY
                 ANNE L. BOX
                 LAURIE L. LARGENT
                 MICHAEL F. GHOZLAND
                 MATTHEW I. ALPERT

                     s/ ANNE L. BOX
                      ANNE L. BOX

655 West Broadway, Suite 1900
San Diego, CA 92101-4297
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

MURRAY MURPHY MOUL + BASIL LLP
GEOFFREY J. MOUL (0070663)
BRIAN K. MURPHY (0070654)
1533 Lake Shore Drive
Columbus, OH 43204
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

VANOVERBEKE MICHAUD &
 TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2010.

    s/ ANNE L. BOX
    ANNE L. BOX

    COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
    655 West Broadway, Suite 1900
    San Diego, CA 92101-3301
    Telephone: 619/231-1058
    619/231-7423 (fax)
    E-mail: anneb@csgrr.com

- 1 -

506640_1

# Mailing Information for a Case 2:05-cv-00819-EAS -TPK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@csgrr.com

- **Laura M Andracchio**
  lauraa@csgrr.com

- **Anne L Box**
  anneb@csgrr.com

- **Philip Albert Brown**
  pabrown@vssp.com,kyates@vssp.com,csbrandt@vssp.com

- **Alycia N Broz**
  anbroz@vorys.com

- **Rachel E Caplan**
  rcaplan@ebglaw.com

- **Sara E Collier**
  sec@federmanlaw.com

- **David Stewart Cupps**
  dscupps@vssp.com

- **Dana E Deering**
  ddeering@pdfslaw.com,sscalf@pdfslaw.com

- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com,ecf@faruqilaw.com

- **Matthew L Fornshell**
  mfornshell@szd.com

- **Sharon Garb**
  sgarb@skadden.com

- **Stuart Gerson**
  sgerson@ebglaw.com

- **Michael F Ghozland**
  mghozland@csgrr.com,e_file_sd@csgrr.com

- **Rodney Alan Holaday**

raholaday@vssp.com,slmay@vssp.com

- **Jay B Kasner**
  jkasner@skadden.com

- **Beth A Keller**
  bkeller@faruqilaw.com

- **Mark Mathew Kitrick**
  mkitrick@kitricklaw.com,deanna@kitricklaw.com

- **John Joseph Kulewicz**
  jjkulewicz@vssp.com

- **Laurie Largent**
  llargent@csgrr.com

- **Arthur C Leahy**
  artl@csgrr.com

- **Albert Grant Lin**
  aglin@vssp.com

- **Katherine G Manghillis**
  kmanghillis@szd.com,prichardson@szd.com,bspencer@szd.com

- **Joseph Andrew Matteo**
  jmatteo@skadden.com

- **Michelle M McCarron**
  MMcCarron@csgrr.com

- **John Cooper McDonald**
  jmcdonald@szd.com,vseckel@szd.com,jdingess@szd.com

- **Ted Minahan**
  tedm@lerachlaw.com

- **Jamie R. Mogil**
  jmogil@faruqilaw.com

- **Geoffrey J Moul**
  moul@mmmb.com,tiffany@mmmb.com,osborn@mmmb.com

- **Brian K Murphy**
  murphy@mmmb.com,tiffany@mmmb.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com

- **William J Pohlman**
  wjpohlman@vssp.com,kyconley@vorys.com,dmstash@vorys.com,csbrandt@vorys.com

- **Jennifer F Sherrill**
  jfs@federmanlaw.com

- **Roger Philip Sugarman**
  rsugarman@keglerbrown.com

- **Michael Roy Szolosi , Sr**
  mrs@mcnamaralaw.us

- **Robert Neal Webner**
  RNWebner@vssp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Gianetti Investor Group
,
```